JOSEPH DRY GOODS CO. et al. v. HECHT.

(Circuit Court of Appeals, Fifth Circuit. February 17, 1903.)

No. 1,210.

1. APPEAL—INTERLOCUTORY ORDER APPOINTING RECEIVER—EX PARTE HEARING.
    In Act March 3, 1891 (creating the circuit courts of appeals) § 7, as amended by Act June 6, 1900, c. 803 [U. S. Comp. St. 1901, p. 550], which provides for appeals from interlocutory orders or decrees granting or continuing an injunction or appointing a receiver "upon a hearing in equity," such phrase is not used in a technical sense, and an appeal lies from an order appointing a receiver, although the hearing was ex parte and without notice to the defendant, the purpose of the statute being to give the right of appeal to a defendant whose property is taken from his possession by such order.

2. RECEIVERS—AUTHORITY TO APPOINT—APPOINTMENT WITHOUT NOTICE.
    Notice should be given, and the defendant afforded an opportunity to be heard, before the appointment of a receiver, except in cases of imperious necessity, requiring immediate action by the court, and where protection can be afforded the plaintiff in no other way, and it is error for the court to act without notice except in such cases.

3. SAME—GROUNDS AUTHORIZING APPOINTMENT.
    The appointment of a receiver is an extraordinary remedy, and cannot properly be resorted to in a suit the sole purpose of which is to collect a debt, where it is not alleged that the debtor is insolvent, or that he has not property subject to execution sufficient to satisfy the decree prayed for.

4. JURISDICTION OF FEDERAL COURT—DIVERSITY OF CITIZENSHIP—ARRANGE-
MENT OF PARTIES BY THE COURT.

A federal court is without jurisdiction of a suit for the specific per-
formance of a contract in which the complainant owns only a part inter-
est, when the owner of the remaining interest, who is joined as a defend-
ant, is a citizen of the same state as his codefendants, the other parties
to the contract. In such case he must be arranged by the court on the
side of the complainant in the controversy.

Appeal from the Circuit Court of the United States for the South-
ern District of Georgia.

This is a suit in equity, brought by Robert Hecht, the appellee,
against the appellants and J. R. Fried. The bill appears in the rec-
ord, and contains 21 sections, embracing 14 closely printed pages.
It is not deemed necessary to give a summary of the contents of the
bill, as the averments, so far as material to the decision to be made,
will appear in the opinion. The purpose of the bill was to collect a
debt, enforce the specific performance of a contract, and secure the
issuance of an injunction and the appointment of a receiver.

C. A. Turner and Geo. S. Jones (Isaac Hardeman and B. M. Da-
vis, on the brief), for appellants.

John I. Hall and Olin J. Wimberly, for appellee.

John P. Ross, for receiver.

Before PARDEE and SHELBY, Circuit Judges, and BOAR-
MAN, District Judge.

SHELBY, Circuit Judge. On October 22, 1902, the bill having
been presented to one of the judges of the Circuit Court, he made
an order, without notice to the defendants, appointing a temporary
receiver, who was directed to demand and take possession of the
moneys, books, papers, and other property of the Joseph Dry Goods
Company. The receiver took possession as directed by the order of
the court. The defendants were required to show cause on October
31st why a permanent receiver should not be appointed. The dry
goods company, by sworn petition, applied to the judge who made
the order, seeking a revocation or modification of the order. This
application was set down for hearing on the 24th of October, 1902,
and notice given plaintiff's attorneys. The attorneys filed a writing
addressed to the judge, stating that other professional engagements
prevented their presence before the court, and giving grounds of ob-
jection to the revocation of the order appointing the receiver. The
following order was entered October 24, 1902:

"Upon hearing the application of the Joseph Dry Goods Company for an
order to dissolve or modify the order granted on the 22nd day of the present
month appointing Walter J. Grace, Esq., temporary receiver, and it appearing
to the court that said temporary receiver, from his statement in open court,
has in hand, of the property of said Joseph Dry Goods Company, six thousand
five hundred and sixty and $^{49}/_{100}$ dollars, besides a large amount of personal
property, consisting of a stock of merchandise, choses in action, and the books
of said Joseph Dry Goods Company, it is, after hearing and considering said
application, and the argument of counsel in behalf thereof, counsel for the

¶ 4. Diverse citizenship as a ground of federal jurisdiction, see notes to
Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.

complainant being absent in attendance upon Pulaski superior court, and not heard except in a letter, and written by them in resistance to said application, it is ordered that the application to give bond and have said order dissolved is refused and denied, but said order of Oct. 22nd inst. is so far modified as that the said Walter J. Grace, Esq., shall retain in his hands the cash received by him, except that he shall pay therefrom a check given by the said Joseph Dry Goods Company to R. N. Lamar for sixty-five dollars and seventy cents, insurance on said property, and shall pay to A. Damo one dollar as watchman for guarding said property last night. The stock of merchandise, notes, and accounts, choses in action, and other property of said Joseph Dry Goods Company, and the books in the hands of said temporary receiver, the said Walter J. Grace, Esq., shall at once return to said Joseph Dry Goods Company, and said defendants are restrained from making any changes in the books or records of said company, or either of the defendants."

The defendants, the company and Joseph, applied to one of the judges of the Circuit Court for an order allowing an appeal from the two decrees—the one of October 22d appointing the receiver, and the one of October 24th refusing to revoke, but modifying, the first decree—and the appeal was allowed. It is assigned here, with proper specifications, that the court below erred in the two decrees rendered.

1. The appellee, plaintiff below, moves to dismiss the appeal because the decrees appealed from were rendered ex parte and not "upon a hearing in equity," and that motion raises the first question to be considered.

The statute to be considered, as first passed in 1891, allowed appeals from interlocutory orders granting or continuing an injunction "upon a hearing in equity." Judiciary Act March 3, 1891, § 7, 26 Stat. 826, 828 [U. S. Comp. St. 1901, pp. 546, 550]. At that time there had been in force for many years equity rule 55, which provides "that special injunctions shall be grantable only upon due notice to the other party by the court in term or by a judge thereof in vacation after a hearing which may be ex parte if the adverse party does not appear at the time and place ordered." There was also in force at that time, and now, a statute enacted in 1872, which, when notice was given of a motion for an injunction, conferred on the circuit or district court, or a judge thereof, power to grant an order restraining the act sought to be enjoined until a decision was had on the motion. Rev. St. § 718 [U. S. Comp. St. 1901, p. 580]. Further as to issuing injunctions out of the circuit court, see Rev. St. § 719 [U. S. Comp. St. 1901, p. 581]. It may be that the Congress, in using the words "upon a hearing in equity," had in view equity rule 55 and this statute allowing the temporary restraining order. The temporary restraining order is, in effect, an injunction intended to operate till the "hearing" on the question of granting the injunction, notice of the motion to grant the same having been served contemporaneously with the service of the order. The injunction being granted after such notice would be "upon a hearing in equity," within the meaning of the statute. The statute as first enacted did not allow an appeal from the appointment of a receiver. It related to injunctions only. It was construed not to allow an appeal from an interlocutory order appointing a receiver, even in a case where the order required the defendant to turn over property to a receiver, the order

being in the nature of a mandatory injunction. Highland Ave. R. R. v. Equipment Co., 168 U. S. 627, 18 Sup. Ct. 240, 42 L. Ed. 605. After such construction was placed on it, it was amended June 6, 1900, so as to read as follows:

"Sec. 7. That where, upon a hearing in equity in a district court or in a circuit court, or by a judge thereof in vacation, an injunction shall be granted or continued or a receiver appointed, by an interlocutory order or decree, in a cause in which an appeal from a final decree may be taken under the provisions of this act to the circuit court of appeals, an appeal may be taken from such interlocutory order or decree granting or continuing such injunction, or appointing such receiver to the circuit court of appeals: provided, that the appeal must be taken within thirty days from the entry of such order or decree, and it shall take precedence in the appellate court; and the proceedings in other respects in the court below shall not be stayed, unless otherwise ordered by that court, or by the appellate court or a judge thereof, during the pendency of such appeal: provided further, that the court below may in its discretion require as a condition of the appeal an additional bond." Act June 6, 1900, c. 803, 31 Stat. 660 [U. S. Comp. St. 1901, p. 550].

The material change was to insert the words "or a receiver appointed," thereby allowing an appeal from an interlocutory order appointing a receiver. The plain intention of the Congress by the amendment was to allow the defendant, who was by such order deprived of the possession of his property, to have the decree reviewed by the circuit court of appeals. If the act had been written allowing an appeal from the appointment of a receiver as an original and separate act, the words "upon a hearing in equity" might well have been omitted, for there was no statute allowing such appointment (as in the case of restraining orders) without a hearing. The words when used in the act, when it related to injunctions only, were useful in distinguishing the temporary restraining order from the injunction granted at the hearing after notice. Orders granting injunctions and orders appointing receivers are, in the understanding of the legal profession, entirely independent. The distinction between the two is recognized in the text-books and in the Reports. But the words in question may have some significance when applied to orders appointing a receiver. Such orders are, in a certain sense, rendered on a hearing in equity. The mode of seeking the appointment of a receiver in equity is on motion, based on the averments and prayer of the bill, or on motion or petition filed in the pending case, where the bill does not show all of the facts necessary to the relief. Such motion or petition is heard by the court before making an order either granting or denying it. There is a hearing in equity, although it is ex parte. A "hearing in equity" technically is the trial of the case, including the introduction of evidence, the argument of the solicitors, and the decree of the chancellor. 10 Enc. Pl. & Pr. 8. It is clear that the words are not used in such technical sense, for the statute applies to interlocutory orders and decrees only. It is true the statute does not say on an ex parte hearing, nor does it say on the hearing of both parties, nor on an adversary hearing. But the words "hearing in equity" could not have been used in their technical sense, as we have shown; and, therefore, we must place on them some other interpretation, and one that will not defeat the purpose of the Congress. The words when first used related to the

granting or continuing of the writ of injunction, and in that connection they distinguished the ex parte restraining order from the injunction which followed, which was granted after notice and on an adversary hearing. They do not have that meaning when applied to an order appointing a receiver. When a motion to appoint a receiver is heard by the court and granted, whether on the averments and prayer of the bill or on a petition in the pending suit, there has certainly been a "hearing" in the ordinary sense in which the word is used. The court hears, considers, and grants the motion. The order or decree, if the motion is granted, comes within the intention of the act. The decree made ex parte is just as effective in depriving the defendant of his property as if he had notice and was present contesting, and it is more likely to need correction by review than one made when both parties are heard. It does not seem probable that the Congress intended to grant the appeal if the defendant was given the opportunity to contest the motion and to allow no appeal if he was denied the right to be heard. If an appeal is allowed only from an order or decree made on a hearing of both parties, the purpose of the statute could be defeated by ex parte appointments of receivers. The appointment could be made without notice, without hearing the defendant, and without rule to show cause why the appointment should not stand or be made permanent. The result would be that there would be no right of appeal simply because the court granted the plaintiff's motion to proceed ex parte. Such construction would enable parties to defeat the intention of Congress, which was to allow a review of such orders and decrees. In this case after the ex parte order was made appointing the receiver, the defendant appeared and by petition sought to have the court vacate the order. The plaintiff resisted this motion by filing written objections to such action. The court refused to vacate, though it modified, the order. The appeal is taken from both orders, the ex parte order appointing the receiver and the order refusing to vacate the appointment. Considering both motions, there has been a hearing of both parties. Both were heard, in fact, on the last motion. The appeal was taken within 30 days of the date of the first decree. In what has been said it is not our intention to intimate an opinion of the court as to whether an appeal would or would not lie from a decree granting a restraining order under Rev. St. § 718 [U. S. Comp. St. 1901, p. 580]. The motion to dismiss the appeal is overruled.

2. It is not doubted that a court of equity should appoint a receiver without notice to the defendant where an emergency exists which calls for such action. In Georgia it is provided by statute that "under extraordinary circumstances a receiver may be appointed before and without notice to the trustee or other person having charge of the assets." Civ. Code Ga. 1895, § 4904. This statute is only confirmatory of a principle of equity procedure and jurisdiction. Cases occur where it is necessary to the ends of justice for the chancellor to act at once and without notice to the defendant. But notice should be given and the defendant furnished an opportunity to be heard, except in cases of imperious necessity, requiring immediate action by the court, and where protection can be afforded the

plaintiff in no other way. It is error for the court to act without notice except in such cases. We adhere to our rulings on this subject. Cabaniss v. Mining Co. (C. C. A.) 116 Fed. 318; Timber Co. v. Watkins, 48 C. C. A. 254, 109 Fed. 101; High on Recr's (3d Ed.) 111, 112; Smith on Recr's, § 5; Gluck & B. on Recr's, § 16. We find nothing in the record before us showing such emergency. The defendants were entitled to notice before action was taken on the prayer for a receiver.

3. But if notice had been given, the appointment, we think, could not be sustained. The ultimate purpose of the bill is to collect the plaintiff's part of a debt which Adolph Joseph owes to J. R. Fried & Co., a partnership, since dissolved, composed of Fried and the plaintiff. The debt is alleged to be due, and it is averred that the plaintiff's share of it is $4,450. If plaintiff obtains a decree for that sum, and collects it, he would have all he sues for. Taking the averments of the bill as true, and conceding the jurisdiction of the court and the equity of the bill, ultimately he would obtain such decree and execution thereon. There being no averment in the bill that the defendant Joseph is insolvent, it does not appear that there would be any difficulty in collecting the decree. If the decree, when rendered, would be collectible, there is no necessity for seizing property for its satisfaction in advance of its rendition. The appointment of a receiver is an extraordinary remedy, and cannot be properly resorted to unless a necessity for it is shown. It follows that in a case like this a receiver should not be appointed unless the insolvency of the defendant debtor is shown. The court should not resort to so harsh a remedy when it is not alleged that the defendant has not property subject to execution with which to satisfy the decree when rendered. There having been no allegation or proof of the insolvency of the defendant against whom the decree for the debt is sought, it was not shown to be necessary for the court to take possession of the stock of goods and money for the purpose of making it available to the plaintiff to satisfy a decree he might obtain. Baker v. Bank, 94 Ga. 87, 21 S. E. 159; Haines v. Carpenter, 1 Woods, 262, Fed. Cas. No. 5,905; Word v. Word, 90 Ala. 81, 7 South. 412; 17 Enc. Pl. & Pr. 725.

4. This bill is brought by a citizen of New York against a corporation organized under the laws of Georgia and two citizens of Georgia. As the pleader has arranged the parties, the necessary diversity of citizenship is alleged to give the court jurisdiction. The pleader's arrangement of the parties, however, is not conclusive on the court. The court must look into the real facts of the case, and, if necessary, rearrange the parties according to the nature of the controversy, and will then view the array to determine its jurisdiction. Harter v. Kernochan, 103 U. S. 562, 26 L. Ed. 411; Carter on Jurisdiction Federal Courts, 142, and cases there cited. The ultimate purpose of this suit, as we have said, is to collect a debt which the defendant Adolph Joseph owes the plaintiff. But its basis as an equity proceeding is a contract made by J. R. Fried & Co., a partnership, of which the plaintiff was a member, and Adolph Joseph. That contract contains this clause:

"And whereas the said Adolph Joseph, guardian, contemplates organizing a corporation and placing said property therein as the capital stock, now when said corporation is formed he (Joseph) agrees in the event said notes, or any part thereof, so given to the said J. R. Fried & Company are not paid, that he will hypothecate with said J. R. Fried & Company such stock as may be issued by said corporation to him as guardian to said J. R. Fried & Company until said notes are paid. In the event said corporation is not formed, upon the transfer of said property hereinbefore described, by the said Samuel Evans to the said Adolph Joseph, guardian, then the said Adolph Joseph, guardian, agrees that he will at once secure the payment of any balance that may be due on said notes to said J. R. Fried & Company."

If the defendant Joseph had complied with this provision of the contract, this bill, in its present form at least, would not be before the court. The debt thereby secured due to J. R. Fried & Co., and for which the stock was to be hypothecated, is now owned by the plaintiff and J. R. Fried, one of the defendants. The plaintiff owns 40 per cent. of the debt, and Fried owns 60 per cent., as shown by the bill. The bill contains a formal prayer for the specific performance of this contract. If the plaintiff obtained such relief, he would get not half as much benefit from the decree as the defendant Fried. Fried and Joseph are both citizens of Georgia, and the defendant corporation is chartered in that state. Applying the rule we have quoted, so far as this branch of the case is concerned, we must arrange Fried on the side of the plaintiff, and, that being done, the jurisdiction of the court is defeated. The court has not jurisdiction to enforce a contract at the suit of a citizen of New York and a citizen of Georgia against citizens of Georgia.

On an appeal like this from an interlocutory order appointing a receiver, the appellate court may dispose of the case on its merits and dismiss the bill (Smith v. Vulcan Ironworks, 165 U. S. 518, 17 Sup. Ct. 407, 41 L. Ed. 810); but we do not understand that it is required to do so. The record shows, and it was admitted in argument at the bar, that Joseph is indebted to the plaintiff, though not in so large a sum as is claimed—a debt which in equity and good conscience he should pay. We are reluctant to dismiss the bill when the plaintiff may be able to so amend it as to obtain some of the relief for which he has prayed. While the bill in its present form should be dismissed for want of jurisdiction, we do not hold that it may not be so amended as to avoid the objections to it.

The decrees of the Circuit Court are reversed, and the cause remanded.