SOUTHERN PAC. TERMINAL CO. et al. v. INTERSTATE COMMERCE
COMMISSION et al.

(Circuit Court, S. D. Texas.. December 18, 1908.)

1. COURTS (§ 386*)—SUITS UNDER ACTS REGULATING INTERSTATE COMMERCE
—CONSTRUCTION OF STATUTE.

The so-called "Expediting Act" of February 11, 1903, c. 544, § 1, 32 Stat. 823 (U. S. Comp. St. Supp. 1907, p. 951), providing that suits in equity under the anti-trust or interstate commerce acts in which the United States is complainant shall be expedited and be assigned for hearing before not less than three Circuit Judges, fairly construed, permits such cases to proceed in the usual way, except for being expedited, until assigned for final hearing before the three judges, and the provision that "in the event the judges sitting in such case shall be divided in opinion the case shall be certified to the Supreme Court for review in like manner as if taken there by appeal as hereinafter provided," is effective only where, by reason of such division of opinion, a final decree cannot be entered, since, if entered, an appeal therefrom lies under section 2.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 386.*]

2. COURTS (§ 386*)—INTERSTATE COMMERCE COMMISSION—SUITS TO ENJOIN
ORDERS—REVIEW.

The provision of section 16 of the interstate commerce act (Act Feb. 4, 1887, c. 104, 24 Stat. 384 [U. S. Comp. St. 1901, p. 3165]), as amended by Act June 29, 1906, c. 3591, § 5, 34 Stat. 590 (U. S. Comp. St. Supp. 1907, p. 902), making the expediting act of February 11, 1903, c. 544, 32 Stat. 823 (U. S. Comp. St. Supp. 1907, p. 951), applicable to suits brought to enjoin, set aside, amend, or suspend orders of the Interstate Commerce Commission, "including the hearing on an application for a preliminary injunction," requires both the final hearing and a hearing on such an application to be held before three Circuit Judges,. but in case of a division of opinion on an application for a preliminary injunction, where

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

two judges concur in an order denying such injunction, the court is not required to certify the case to the Supreme Court.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 386.*]

In Equity.

After the court had overruled the motion for an injunction pendente lite by a decree made by a majority of the judges, one of the judges dissenting, the complainants moved the court to certify the case to the Supreme Court. The motion having been argued, the court overruled the same.

H. M. Garwood and F. C. Dillard, for complainants.

Maco Stewart, for respondent E. H. Young.

Luther M. Walter and Geo. H. Terriberry, for respondent Interstate Commerce Commission.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PARDEE, Circuit Judge. Under the act of Congress entitled "An act to protect trade and commerce against unlawful restraint and monopolies," approved July 2, 1890, c. 647, 26 Stat. 209 (U. S. Comp. St. 1901, p. 3200), injunctions pendente lite could be issued. Appeal not mentioned. Either party after final decree probably had the right to appeal under general laws. Under the act to regulate commerce, approved February 4, 1887, c. 104, 24 Stat. 379 (U. S. Comp. St. 1901. p. 3154), injunctions pendente lite do not appear to be provided for, but injunctions on final hearing could be issued. An appeal was allowed after final hearing to the Supreme Court by either party if $2,000 was involved. By Act March 3, 1891, c. 517, § 2, 26 Stat. 826 (U. S. Comp. St. 1901, p. 547), establishing Circuit Courts of Appeals, appeals generally were allowed, but through Circuit Court of Appeals. In this state of things, the so-called "Expediting Act," approved February 11, 1903, c. 544, 32 Stat. 823 (U. S. Comp. St. Supp. 1907, p. 951), was passed. This act in the first section provides that any suit in equity brought under above-mentioned acts wherein the United States is complainant, on a certificate of the Attorney General as to public importance, the case is to be given precedence and in every way expedited, and be assigned for hearing (final, in our opinion; and see Joseph Dry Goods Co. v. Hecht, 120 Fed. 763, 57 C. C. A. 64) at the earliest practicable day before not less than three of the Circuit Judges, and, if there be not more than two Circuit Judges, then before them and such District Judge as they may select, and, in the event the judges sitting in such case (that is, on hearing) shall be divided in opinion, the case is to be certified to the Supreme Court for review in like manner as if taken there by an appeal as thereinafter provided. The second section of the act provides for an appeal by either party to the Supreme Court, to be taken within 60 days, only in cases under any of said acts wherein the United States is complainant.

This expediting act, fairly construed, permits the case to proceed (except it is to be given precedence and expedited) until final hearing.

when it is to be set down before three Circuit Judges. After final decree it may be carried within 60 days by appeal to the Supreme Court by either party, and the only office left for the certificate is in the contingency that the judges shall be unable to agree on a final decree.

The sixteenth section of the interstate commerce act, as amended July 29, 1906, c. 3591, § 5, 34 Stat. 590 (U. S. Comp. St. 1901, p. 902), provides for the venue of the suits brought in any of the Circuit Courts against the Interstate Commerce Commission to enjoin, set aside, or annul orders or requirements of the commission, and confers jurisdiction to hear and determine such suits in the courts of the proper venue. It then enacts that the provisions of an act to expedite the hearing and determination, etc., approved February 11, 1903, shall be hereby made applicable to all such suits, "including the hearing on an application for preliminary injunction," and the effect of this is to make the expediting act, so far as the concurrence of three Circuit Judges is concerned, applicable to the hearing of preliminary injunctions as well as to the final hearing.

We can find nothing further in the acts requiring three Circuit Judges to sit in any other phases of the case than the hearing on application for a preliminary injunction and on the final hearing. To apply it to all proceedings in the case is, in the nature of things, to defeat the very object of the act, and change it from an expediting act into a hindering and delaying act.

The sixteenth section of the interstate commerce act, as amended (and above mentioned), provides for an appeal to the Supreme Court from an interlocutory order granting or continuing an injunction, but no appeal from an order refusing a preliminary injunction is provided for in that act. Under the expediting act per se, when the judges were divided in opinion, the case was to be certified to the Supreme Court in like manner as by the appeal thereinafter provided. We have suggested that this provision could only be of value in a case where the division of opinion among the judges on final hearing was such as to prevent a final decree. The question now is whether the same reasoning is to apply in cases where the judges differ in opinion as to whether an application for a preliminary injunction shall be granted or refused, but where the majority of the judges can and do render a decree. If such decree grants the injunction, the Interstate Commerce Commission can appeal, and no certificate is necessary. If such decree refuses the injunction, the complainant cannot appeal. This is an apparent hardship to the complainant, but it is equally apparent that Congress so intended it. However that may be, such hardship is not sufficient to warrant us in construing the provision in regard to a certificate in case of division of opinion otherwise than as meaning that a certificate is only proper and necessary where, through division of opinion, no decisive decree can be rendered.

The following decree will be entered:

This cause coming on to be heard on the motion of the complainants for an order certifying this case to the Supreme Court on the ground that the judges differed in opinion, two of the judges being

of opinion that the motion for an injunction should be overruled, and one of the judges being of opinion that the motion for an injunction should be granted, the order refusing the injunction being entered by direction of a majority of the judges:

The said motion for an order certifying said cause to the Supreme Court having been argued by counsel, and the court being of opinion that the motion is not well taken, the said motion is overruled and disallowed, for the reasons given in the opinion herewith filed.