ROOT et al. v. MILLS et al.

(Circuit Court of Appeals, Seventh Circuit.    January 5, 1909.    Rehearing denied February 19, 1909.)

No. 1,477.

1. WORDS AND PHRASES—"HEARING IN EQUITY."

Act Cong. April 14, 1906, c. 1627, § 7, 34 Stat. 116 (U. S. Comp. St. Supp. 1907, p. 209) provides that where, on a "hearing in equity" in a District or Circuit Court or by a judge thereof in vacation, an injunction shall be granted or continued, or a receiver appointed by an interlocutory order or decree, an appeal may be taken within 30 days from the entry of the order.  *Held,* that the phrase "hearing in equity" technically means the trial of the case, including the introduction of evidence, the argument of solicitors, and the decree of the chancellor, resulting in a final decree: but that, as applied to proceedings resulting in an interlocutory order, within section 7, it means the hearing of the motion, the introduction of evidence thereon by affidavit or otherwise, the argument of solicitors, and the order of the chancellor.

2. COURTS (§ 407*)—INTERLOCUTORY ORDER—EQUITY PROCEEDING—TIME FOR APPEALING—"HEARING."

Act Cong. April 14, 1906, c. 1627, § 7, 34 Stat. 116 (U. S. Comp. St. Supp. 1907, p. 209), provides that where, on a hearing in equity, a receiver is appointed by an interlocutory order, an appeal may be taken within 30 days from the entry thereof.  A bill for the removal of trustees under a will and for the appointment of a receiver was filed October 25, 1907, and on the same day on an ex parte hearing a receiver was appointed.  On November 2d defendants moved to modify such order of appointment to permit the trustees to collect certain income, which motion on November 9th was argued and denied.  On December 5th defendants moved to discharge the receiver and dissolve an injunction incidental to the receivership, which was denied on February 21st, whereupon on March 2d defendants applied for permission to appeal.  *Held,* that defendants, by their motion of November 2d to modify the order appointing the receiver, acquiesced therein, such application constituted a "hearing," within section 7, and hence defendant's application for appeal was too late.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 407.*

For other definitions, see Words and Phrases, vol. 4, pp. 3236-3238.]

Appeal from the Circuit Court of the United States for the Southern Division of the Southern District of Illinois.

B. H. Canby and A. W. Hope, for appellants.
James P. Dawson, for appellees.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge.    The bill in the court below asked that appellants, trustees under the will of Augustin K. Root and executors thereof, be removed, and that pending action of the court upon such bill, a receiver be appointed to take charge of the assets of the estate until other trustees might be appointed.    The bill was filed October 25, 1907, and upon the same day, upon an ex parte hearing, a receiver was appointed, who took possession of the property therein named.

November 2d, following, the defendants by their solicitors, moved the court to so modify the foregoing order that, pending the final determination of the case, the trustees might be permitted to collect, re-

ceive and distribute to the parties entitled thereto under the will, the income of the securities belonging to the estate; which motion was, on the 9th day of November following, after argument of counsel, duly denied, the defendants on the preceding day having entered their general appearance in the cause.

December 5th, following, defendants filed their motion to discharge the receiver and dissolve the injunction (an injunction merely incidental to the receivership), which motion was overruled on the 21st day of February, 1908; and thereupon, on the 2d day of March following, defendants filed their application for appeal. The motion under consideration is to dismiss this appeal upon the ground that it was not taken within thirty days after the entry of the decree appealed from.

Section 7 of the Act approved April 14, 1906 (34 Stat. 116, c. 1627 [U. S. Comp. St. Supp. 1907, p. 209]) provides:

"That where upon a hearing in equity in a district or in a circuit court, or by a judge thereof in vacation, an injunction shall be granted or continued, or a receiver appointed, by an interlocutory order or decree, in any case, an appeal may be taken from such interlocutory order or decree granting or continuing such injunction, or appointing such receiver, to the Circuit Court of Appeals: provided that the appeal must be taken within thirty days from the entry of such order or decree, and it shall take precedence in the appellate court."

This section, in the interest of a more liberal right of appeal, is a distinct departure from the policy of Appeals under the older Chancery rules; but is intended to be safeguarded against abuse by the provisions looking to promptitude of action—a provision that is intended to be strictly enforced.

The contention of appellee is that the date of "entry of the order appointing the receiver" is October 21st, 1907. Joseph Dry Goods Co. et al. v. Hecht, 120 Fed. 760, 57 C. C. A. 64 (Circuit Court of Appeals, 5th Circuit). The contention of appellants is, that the date of such "entry" is February 21st, 1908, the day when the motion to dissolve the order was overruled.

We cannot concur in either of these views. What constitutes the "entry" of the order within the meaning of Section 7, the date of which determines the time for the appeal, depends, it seems to us, upon what meaning is to be attached to the preceding phrase "Where, upon a hearing in equity"—a phrase that determines the conditions on which the order is to be entered.

A "hearing in equity," technically, is the trial of the case, including the introduction of evidence, the argument of the solicitors, and the decree of the chancellor. 10 Encyclopædia Pleading and Practice, 8.

This, however, is the "hearing in equity" that results in a final decree.

Now it seems to us that within the proceedings that, taken as a whole, constitute a hearing in equity resulting in a final decree, there is recognized by Section 7 to be other proceedings, interlocutory with reference to the final decree, but complete for the purposes of the appeal allowed, viz.: the particular proceedings out of which grow an interlocutory order: and that in such particular proceeding, within the larger proceeding, the "hearing in equity" provided in Section 7, was

meant to be the hearing of the motion, the introduction of evidence thereon by affidavit or otherwise, the argument of solicitors, and the order of the chancellor. Nothing short of that, it seems to us, can be said to be a "hearing in equity" upon the particular proceeding leading up to the appealable order; and nothing beyond that, it seems to us, could have been contemplated by this section.

Let us apply that view, then, to the case in hand. Undoubtedly the court has power, ex parte, to enter an order granting an injunction in the nature of a stay, or appointing a receiver, which becomes at once an enforceable order in the case. But such order is not, in our judgment, "upon a hearing in equity" within the meaning of Section 7. There has in fact on such order been no "hearing"—no opportunity on the part of one of the parties affected to introduce evidence, or to argue the cause. But none the less it is an order—an order substantially ripening into one "upon a hearing in equity," whenever the parties affected have been brought, or have come, into court, and an opportunity has been given them either to acquiesce in the order or to oppose it—the order to be considered "entered" within the meaning of the statutes the moment that it has been acquiesced in, or has been unsuccessfully opposed. Indeed any other interpretation of this Section, enacted in the interest of a more liberal policy of appeal, but upon the strict condition of promptitude, would have the effect either of enabling a party to cut off his antagonist's right of appeal by not advising him for thirty days of the order entered, or of enabling the party proceeded against to cut off the moving party from his right of having the appeal promptly taken, by not moving for a dissolution of the order until it suited his purposes to do so. And applying the section as we here interpret it, the appeal must be dismissed, as appellants, in their motion of November 2d, seem to have clearly acquiesced in the order appealed from as a standing interlocutory order in the cause.

The appeal is dismissed.