### UNITED STATES v. TERMINAL ASS'N OF ST. LOUIS et al.

#### (District Court, E. D. Missouri, E. D. July 8, 1912.)

1. COURTS (§ 101*)—FEDERAL COURTS—POWER OF SINGLE JUDGE—"HEARING."

   Where the Supreme Court reversed a decree dismissing a suit to enforce Anti-Trust Act July 2, 1890, c. 647, 26 Stat. 209 (U. S. Comp. St. 1901, p. 3200), and remanded the case with specific directions, the decree on the mandate may be entered by any district judge presiding, or circuit judge assigned to the court, under Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1089 [U. S. Comp. St. Supp. 1911, p. 133]) § 18, notwithstanding Expedition Act Feb. 11, 1903, c. 544, 32 Stat. 823 (U. S. Comp. St. Supp. 1911, p. 1383), requiring the assignment for the hearing of actions involving the Anti-Trust Act before not less than three judges; the word "hearing" meaning a trial requiring judicial determination.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 344–350; Dec. Dig. § 101.*

   For other definitions, see Words and Phrases, vol. 4, pp. 3236–3238.]

2. JUDGMENT (§ 504*)—VALIDITY—COLLATERAL ATTACK.

   A decree entered by a single judge in conformity to the mandate of the Supreme Court reversing a decree dismissing a suit to enforce Anti-Trust Act July 2, 1890, c. 647, 26 Stat. 209 (U. S. Comp. St. 1901, p. 3200), and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

remanding the case with specific directions, is not void nor subject to collateral attack, even if there was error in holding that a single judge could enter the decree notwithstanding Expedition Act Feb. 11, 1903, c. 544, 32 Stat. 823 (U. S. Comp. St. Supp. 1911, p. 1383), requiring the assignment for hearing of such actions before not less than three judges.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 944–947; Dec. Dig. § 504.*]

Action by the United States against the Terminal Association of St. Louis and others. There was a decree of the Supreme Court reversing a decree dismissing the bill and remanding the case for a decree. Heard in the trial court after remand on question of right of a single judge to direct decree.

Edward C. Crow, of St. Louis, Mo., for complainant.
Henry S. Priest, of St. Louis, Mo., for defendants.

TRIEBER, District Judge. This is an action by the United States to enforce the provisions of Sherman Anti-Trust Act July 2, 1890, c. 647, 26 Stat. 209 (U. S. Comp. St. 1901, p. 3200), instituted in the Circuit Court for this district before the enactment of the new Judicial Code. After the original bill had been filed, the Attorney General of the United States filed a certificate under Expedition Act Feb. 11, 1903, c. 544, 32 Stat. 823 (U. S. Comp. St. Supp. 1911, p. 1383), and the hearing was before the four circuit judges of this circuit. By a divided court the bill was dismissed, and upon appeal the decree of dismissal was reversed by the Supreme Court on April 22, 1912 (224 U. S. 383, 32 Sup. Ct. 507, 56 L. Ed. 810), and the cause remanded to this court with the usual directions "to proceed in conformity with the opinion and directions of this court as according to right and justice and the laws of the United States ought to be had."

[1] It has now been suggested by the Attorney General that, as a certificate under the Expedition Act was filed when the action was originally instituted, the decree on the mandate could not be entered by a single judge, but only by at least three circuit judges, in conformity with the expedition act above referred to.

Assuming, without deciding, that the Judicial Code does not repeal the Expedition Act, the question to be determined is whether in a case in which the Supreme Court has directed the trial court to enter a final decree in conformity with specific directions that decree can only be entered when the bench of the District Court is occupied by at least three circuit judges because a certificate of expedition had been filed in the trial court when the suit was originally instituted.

The act of Congress is as follows:

"That in any suit in equity pending or hereafter brought in any Circuit Court of the United States under the act entitled 'An act to protect trade and commerce against unlawful restraints and monopolies,' approved July 2, 1890, 'An act to regulate commerce,' approved February 4, 1887, or any other acts of a like purpose that hereafter may be enacted, wherein the United States is complainant, the Attorney General may file with the clerk of such court a certificate that, in his opinion, the case is of general importance, a copy of which shall be immediately furnished by such clerk to

each of the circuit judges of the circuit in which the case is pending. Thereupon such case shall be given precedence over others and in every way expedited and be assigned for hearing at the earliest practicable day, before not less than three of the circuit judges of said circuit if there be three or more; and if there be not more than two circuit judges, then before them and such district judge as they may select."

The opinion of the Supreme Court not only reversed and remanded the case, but by reference thereto it will be found that it gives specific and minute directions what decree is to be entered. The opinion says:

"These considerations lead to a reversal of the decree dismissing the bill. This is accordingly adjudged, and the case is remanded to the District Court, with directions that a decree be there entered directing the parties to submit to the court, within 90 days after receipt of mandate, a plan for the reorganization of the contract between the 14 defendant railroad companies and the terminal companies, which we have pointed out as being the combination within the inhibition of the statute."

The court then enumerates in seven distinct and separate sections what this new agreement must be, and then proceeds that, upon failure to come to such an agreement, permanent injunctions be issued, and the combination dissolved.

The Expedition Act provides that upon filing of the certificate by the Attorney General two things be done: First, that such case shall be given precedence over others and in every way expedited; and, second, that it be assigned for hearing at the earliest practicable day before not less than three of the circuit judges of the circuit. What is meant by the word "hearing"? As ordinarily used in an equity cause, it clearly means a trial or a disposition of some matter arising in the case which requires judicial determination by the court, whether interlocutory or final. In Miller v. Tobin (C. C.) 18 Fed. 609, 616, Judge Deady defined it as "an equity term, and is properly applied to the argument and consideration of a case at the several stages of its orderly progress, but when applied to that upon which the case is absolutely determined—disposed of—it is qualified by the word 'final.'"

In Akerly v. Vilas, 24 Wis. 171, 1 Am. Rep. 166, the court said:

"The word 'hearing' has an established meaning as applicable to equity cases. It means the same thing in those cases that the word 'trial' does in cases of law, and the words 'final hearing' have long been used to designate the trial of an equity case upon the merits as distinguished from the hearing of any preliminary questions arising in the cause, and which are termed interlocutory."

Other cases to the same effect are Carpenter v. Winn, 221 U. S. 533, 31 Sup. Ct. 683, 55 L. Ed. 842; Joseph Dry Goods Co. v. Hecht, 120 Fed. 760, 57 C. C. A. 64; Taylor v. Breese, 163 Fed. 678, 90 C. C. A. 558; Root v. Mills, 168 Fed. 688, 94 C. C. A. 174; Babcock v. Wolf, 70 Iowa, 676, 28 N. W. 490; Glennon v. Britton, 155 Ill. 232, 40 N. E. 594.

A careful reading of the entire act shows clearly that the intention of Congress, in addition to expediting the hearing of the cases enumerated, was to have them, owing to their great importance, tried by at least three judges, instead of one, as had been the usual practice

in the Circuit Court since the enactment of the Evarts Act (Act March 3, 1891, c. 517, 26 Stat. 826 [U. S. Comp. St. 1901, p. 488]), creating the United States Circuit Courts of Appeal. But the directions contained in the mandate of the Supreme Court in this cause leave nothing for determination by or to the discretion of the judge of this court. He is specifically directed to enter a certain decree, and in entering that decree he is, in effect, performing a ministerial duty which may be enforced by mandamus. In re Washington, etc., R. R. Co., 140 U. S. 91, 11 Sup. Ct. 673, 35 L. Ed. 339; Gaines v. Rugg, 148 U. S. 228, 13 Sup. Ct. 611, 37 L. Ed. 432; Sanford Fork & Tool Co., Petitioners, 160 U. S. 247, 16 Sup. Ct. 291, 40 L. Ed. 414; In re Potts, 166 U. S. 263, 17 Sup. Ct. 520, 41 L. Ed. 994.

In the first case cited above, the court, in granting the mandamus against the judge of the Circuit Court, said:

"It was the duty of the court below to have entered the judgment strictly in accordance with the judgment of this court, and the language of the mandate, 'that such execution or proceedings had in said cause as according to right and justice and the laws of the United States ought to be had, the said writ of error notwithstanding,' did not authorize the court to depart in any respect from the judgment of this court."

In Gaines v. Rugg, where a mandamus was also awarded against the circuit judge, the court, after reviewing its former decisions, said:

"In the present case, as we have observed, there was no discretion to be exercised by the circuit judge; and, although it might have been admissible to raise the question by a new appeal to a proper court, yet, in view of the delay to be caused thereby, we do not consider that such a remedy would have been, or would be, fully adequate, or that a writ of mandamus is now improper."

In Sanford Fork & Tool Co. it was held:

"When a case has been once decided by this court on appeal and remanded to the Circuit Court, whatever was before this court, and disposed of by its decree, is considered as finally settled. The Circuit Court is bound by the decree as the law of the case, and must carry it into execution, according to the mandate. That court cannot vary it, or examine it for any other purpose than execution, or give any other or further relief; or review it, even for apparent error, upon any matter decided on appeal, or intermeddle with it further than to settle so much as has been remanded. If the Circuit Court mistakes or misconstrues the decree of this court, and does not give full effect to the mandate, its action may be controlled either upon a new appeal or by writ of mandamus to execute the mandate of this court."

In view of these decisions, it cannot be successfully maintained that the proceeding now before the court is a "hearing" within the meaning of the Expedition Act. All this court is now called upon to do is to determine whether the new agreement of the parties, when presented to the court, is in compliance with the directions of the mandate, and, if it is, to enter the decree as directed, or, if the new agreement does not comply with the conditions prescribed by the Supreme Court, to enter a decree dissolving the combination held to be unlawful by the Supreme Court and grant a permanent injunction. United States v. American Tobacco Co. (C. C.) 191 Fed. 371, is not in point. In that case the decree was entered in the Circuit Court prior to the time the new Judicial Code went into effect. At that time all the circuit

judges, as well as the associate justice of the Supreme Court allotted to that circuit, and the district judge of that district, or any one of them, were authorized to sit at the trial or hearing of any cause pending in the Circuit Court. Nor was the mandate of the Supreme Court in that case as specific and minute as to what decree should be entered as in the case at bar. The directions in that case were, "We leave the matter to the court below to work out a compliance with the law without unnecessary injury to the public or the rights of private property," thus vesting the Circuit Court with discretion not granted in this cause by the Supreme Court.

[2] It has also been suggested by the Attorney General that, if this court should erroneously hold that it has the right to enter the decree in this cause, such decree would be absolutely void, meaning thereby that the decree would be subject to collateral attack for want of jurisdiction. That this contention is erroneous it is only necessary to refer to In re Metropolitan Trust Co., 218 U. S. 312, 31 Sup. Ct. 18, 54 L. Ed. 1051.

In the opinion of the court the decree directed to be entered by the mandate of the Supreme Court can be entered by any district judge presiding, or the circuit judge assigned to this court, under the provisions of section 18 of the Judicial Code.