PACK et al. v. THOMPSON.

(Circuit Court of Appeals, Ninth Circuit. May 24, 1915.)

No. 2535.

MINES AND MINERALS ⊚⊃23—MINING CLAIMS—FORFEITURE OF INTEREST TO CO-OWNER FOR NONCONTRIBUTION TO ASSESSMENT WORK.

    To entitle a part owner of a mining claim to forfeit the interest of another part owner, under Rev. St. § 2324 (Comp. St. 1913, § 4620), which requires $100 worth of assessment work to be done on each claim annually until patented, and provides that, if any part owner shall fail or refuse to contribute his proportion, his interest may, on notice, be forfeited to his co-owners "who have made the required expenditures," it must appear that the one claiming the forfeiture has done the requisite amount of work to protect the title to the claim.

    [Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 51-59, 114; Dec. Dig. ⊚⊃23.]

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; Benjamin F. Bledsoe, Judge.

Suit in equity by E. Thompson against Thomas W. Pack, Stella Schuler, and Joseph K. Hutchinson. From an order granting a preliminary injunction, defendants appeal. Affirmed.

Suit in equity by the appellee, plaintiff in the court below, for a decree preventing a forfeiture by the appellants, defendants in the court below, of the appellee's interest in and to 175 certain placer mining claims, situate upon Searles Borax Lake, San Bernardino county, Cal., for an accounting, and for an injunction pendente lite restraining the appellants from taking any steps to perfect or establish a forfeiture of the appellee's interest in and to such claims. The appellee, E. Thompson, plaintiff in the court below, will be referred to as the plaintiff. The appellants, Thomas W. Pack, Stella Schuler, and Joseph E. Hutchinson, defendants in the court below, will be referred to as the defendants. The plaintiff, a citizen and resident of the state of New Jersey, filed his bill against the defendants, citizens and residents of the state of California, in the court below, on November 24, 1914. The allegations thereof, so far as material on this appeal, are as follows:

⊚⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

That during the year 1910 the plaintiff, together with the defendant Thomas W. Pack and others, duly located and recorded 175 certain placer mining claims, designated particularly as the "Soda No. 1 Placer Mining Claim" to and including the "Soda No. 152 Placer Mining Claim" and the "Soda No. 196 Placer Mining Claim" to and including the "Soda No. 218 Placer Mining Claim," situate upon Searles Borax Lake, county of San Bernardino, state of California; that the plaintiff ever since the date of the locations has been, and was at the time of the filing of the bill of complaint, the owner and holder of an undivided one-eighth interest in and to each of such mining claims. It was further alleged that during the month of September, 1914, the defendants caused to be served upon the plaintiff a certain notice, denominated a "Notice of Forfeiture." The notice was annexd as an exhibit to the complaint. It is dated September 14, 1914, and by its terms the plaintiff was notified that the defendant Thomas W. Pack had expended during the years 1911 and 1912 the sum of $5,600 for labor and improvements upon the placer mining claims set forth in the bill of complaint, for the purpose of complying with the requirements of section 2324 of the Revised Statutes of the United States, and the amendments thereto, concerning the performance of annual labor upon mining claims, and that such sum was the only money expended by any of the owners during those years on such claims for the purpose of complying with the statute. The plaintiff was further notified that during the years 1911 and 1912 the defendant Pack was a co-owner with the plaintiff, being the owner of an undivided one-eighth interest in the claims; that subsequent to the making of the expenditure of $5,600 the defendant transferred his one-eighth interest in the claims to the defendant Stella Schuler, and that the latter had transferred the one-eighth interest to the defendant Joseph K. Hutchinson, who was at the time of the giving of the notice the owner thereof. The plaintiff was further notified that the defendants had received no contribution from the plaintiff for his proportion (one-eighth) of such expenditure, and that demand was thereby made upon him for such proportion, amounting to the sum of $700, and, if such payment or contribution was not made within 90 days from service of the notice upon the plaintiff, the interest of the plaintiff in the mining claims would become the property of the defendants.

It is further set forth in the bill that by the alleged notice of forfeiture it is claimed that the defendants expended the sum of $5,600 for assessment work for the years 1911 and 1912 on the claims; that the statutes of the United States and the statutes of the state of California require that $100 in labor or improvements be expended upon each separate claim for each year; that the sum of $35,000 would be required to fully represent each and all of said 175 mining claims for the years 1911 and 1912; that it cannot be ascertained from the alleged notice of forfeiture upon which separate placer mining claim or claims out of the 175 claims the defendant Pack, or the other defendants, claim to have expended money for labor or improvements for the years 1911 and 1912. It is alleged in the complaint that, if the defendants were allowed to proceed under the alleged notice of forfeiture, they would, at the expiration of 90 days from the date of the service of the same, file and record a copy of the notice of forfeiture and an affidavit of service with the county recorder of San Bernardino county, Cal., and claim and assert that all of the right, title, and interest of the plaintiff in and to the claims, and each of them, had been duly and legally forfeited and extinguished; that by means thereof a cloud would be cast upon the title and interest of the plaintiff in the mining claims, and the plaintiff would be compelled to institute and prosecute a great number of suits, at great expense, to remove such cloud; that the plaintiff has no plain, speedy, or adequate remedy at law in the premises, and, unless the defendants were restrained from proceeding to forfeit the title and interest of the plaintiff in the claims, the plaintiff would be irrevocably and irreparably damaged and injured, and would be defrauded and deprived of all his right, title, and interest in and to the claims and each of them.

The plaintiff prayed for a decree preventing a forfeiture of the interest owned by him in the mining claims, for an accounting for all moneys belonging to Pack and used and expended by him for annual assessment work

for the years 1911 and 1912 upon the claims, and that the court ascertain and determine the amount, if any, due from the plaintiff to the defendants as his proportionate share of the cost of such assessment work, and for an injunction during the pendency of this suit restraining the defendants and their agents and attorneys from taking any steps to perfect a forfeiture of the plaintiff's interest in the claims, and from taking any steps to cast a cloud upon the title of the plaintiff therein.

Upon the filing of the bill a restraining order and an order to show cause were issued by the court below, and on December 15, 1914, after hearing, an injunction pendente lite was granted, restraining and enjoining the defendants, and each of them, and their attorneys, agents, and servants, from in any way or manner taking any steps towards forfeiting or declaring a forfeiture of the plaintiff's right, title, and interest in and to the mining claims set forth in the complaint, pursuant to or in accordance with the alleged notice of forfeiture annexed to the complaint, until the final hearing and determination of the suit, or until the further order of the court. This appeal is from the order granting the injunction pendente lite, and the granting of that injunction by the court below constitutes the sole assignment of error.

Charles W. Slack and Joseph K. Hutchinson, both of San Francisco, Cal., for appellants.

R. P. Henshall, H. L. Clayberg, John B. Clayberg, and Welles Whitmore, all of San Francisco, Cal., for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge (after stating the facts as above). Section 2324 of the Revised Statutes of the United States provides, among other things, that:

"On each claim located after the tenth day of May, eighteen hundred and seventy-two, and until a patent has been issued therefor, not less than one hundred dollars' worth of labor shall be performed or improvements made during each year. * * * Upon the failure of any one of several co-owners to contribute his proportion of the expenditures required hereby, the co-owners who have performed the labor or made the improvements may, at the expiration of the year, give such delinquent co-owner personal notice in writing or notice by publication in the newspaper published nearest the claim, for at least once a week for ninety days, and if at the expiration of ninety days after such notice in writing or by publication such delinquent should fail or refuse to contribute his proportion of the expenditure required by this section, his interest in the claim shall become the property of his co-owners who have made the required expenditures."

The notice served by Thomas W. Pack, for himself and his successors in interest, informed his co-owner, Thompson, that he (Pack) had expended during the years 1911 and 1912 the sum of $5,600 for labor and improvements upon 175 mining claims designated in the notice. The expenditure required by the statute for 175 mining claims for one year was $17,500, and for two years $35,000. The expenditure of $5,600 upon the mining claims designated in the notice was not the expenditure required by the statute, and was therefore clearly not sufficient to entitle Pack or his successor in interest to a forfeiture to himself or to them of the interest of the delinquent, Thompson, in the claims mentioned in the notice, upon the failure of such delinquent to pay to Pack or his successor in interest his proportion of the sum of $5,600, namely, $700, for a one-eighth interest in the 175 claims. The only labor or improvement required by the statute which will entitle a co-owner doing the work or making the improvement to

forfeiture from a delinquent co-owner of his interest is the expenditure of the full sum required by the statute, namely, not less than $100 for each claim. In order that the interest of a delinquent co-owner may be forfeited, it is essential that the entire work shall be performed by one or more of the co-owners claiming the forfeiture. Lindley on Mines, § 646, page 1622; The Golden and Cord Lode Mining Claims, 31 Land Dec. Dept. Int. 178, 181. The notice did not claim that the entire work required by the statute had been performed for the years 1911 and 1912. On the contrary, it conclusively appears from the notice that only a small proportion of the work required had been performed, and if the amount stated in the notice was all the work that had been performed on all of the claims, and it is so stated in the notice, they were then all subject to relocation, and no interest was saved by a partial compliance with the statute.

The notice being insufficient on its face to entitle the defendants to claim a forfeiture of the plaintiff's interest in the mining claims mentioned therein, and this also appearing by direct and positive allegations of the complaint, the court below was right in issuing its temporary injunction suspending defendants' forfeiture proceedings until the actual facts can be ascertained and the questions involved determined upon the merits.

The decree of the court below is affirmed.