PACK et al. v. CARTER.

(Circuit Court of Appeals, Ninth Circuit. May 24, 1915.)

No. 2538.

1. INJUNCTION ⊙⇒180—FEDERAL COURTS—TEMPORARY RESTRAINING ORDER.

A temporary restraining order, granted under Judicial Code (Act March 3, 1911, c. 231) § 263, 36 Stat. 1162 (Comp. St. 1913, § 1240), which provides that, "whenever notice is given of a motion for an injunction out of a District Court, the court or judge thereof may, if there appears to be danger of irreparable injury from delay, grant an order restraining the act sought to be enjoined until the decision upon the motion," ceases to be effective without further order of the court on the hearing of the motion for the temporary injunction.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 392; Dec. Dig. ⊙⇒180.]

2. APPEAL AND ERROR ⊙⇒100—TEMPORARY RESTRAINING ORDER—REFUSAL—RIGHT OF APPEAL.

No appeal lies from an order refusing to dissolve a temporary restraining order.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 670–680; Dec. Dig. ⊙⇒100.]

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; Benjamin F. Bledsoe, Judge.

Suit in equity by Cecil C. Carter against Thomas W. Pack, Stella Schuler, and Joseph K. Hutchinson. From an order denying a mo-

tion for vacation of a temporary restraining order, defendants appeal. Reversed.

Charles W. Slack and Joseph K. Hutchinson, both of San Francisco, Cal., for appellants.

R. P. Henshall, H. L. Clayberg, John B. Clayberg, and Welles Whitmore, all of San Francisco, Cal., for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge. It is alleged in the complaint filed by the plaintiff in this case that he is the owner and holder of an undivided one-eighth interest in and to 175 certain placer mining claims, particularly set forth and described in the complaint. The claims described in the body of the complaint are the identical claims involved in case No. 2535, 223 Fed. 635, —— C. C. A. ——, just decided. The plaintiff alleges that he derived title thereto, by mesne conveyance, from one O. Perkins and Sylvia Perkins, his wife. The complaint is based upon an alleged notice of forfeiture, dated September 14, 1914, served upon the plaintiff's predecessor in interest by the defendants, wherein the latter claim to have expended the sum of $4,400 for assessment work on certain described claims for the year 1912, and a demand is by the alleged notice made upon the plaintiff's predecessor in interest for the payment by him to them of a contribution for such assessment work on the claims alleged to amount to the sum of $550. The plaintiff prayed for an injunction pendente lite restraining the defendants from forfeiting his interest in and to the claims in suit. The notice of forfeiture served upon the plaintiff by the defendant Pack and his successors in interest, a copy of which is attached to the complaint, designates for the claim of forfeiture 42 of the 175 mining claims in which the plaintiff claims an undivided one-eighth interest. It satisfactorily appears that there is an omission of two claims in the copy of the notice attached to the complaint as printed in the record, and that the original notice referred to 44 claims. The notice is that:

"I, the undersigned, T. W. Pack, expended during the year 1912 the sum of forty-four hundred dollars ($4,400), in amounts of one hundred dollars ($100), for labor and improvements upon each of the forty-four (44) following described placer mining claims."

Then followed a description of 42 claims, but we assume that 44 claims were described in the original notice. This case differs from case No. 2535, just decided, in this respect: In this case the defendant Pack and his successors in interest have described in their notice 44 claims upon which they claim Pack expended $4,400 during the year 1912. It sufficiently appears that the $4,400 here claimed as an expenditure by Pack on the 44 claims for the year 1912 is part of the $5,600 claimed by Pack as having been expended by him on the 175 claims described in the notice attached to the complaint in case No. 2535, where such expenditure is claimed to have been made for the years 1911 and 1912. It appears, further, that said 175 claims included the 44 claims involved in this case. The manifest inconsistency of the notices in the two cases, which also appears by direct and positive allegations of the complaint herein, is sufficient to discredit the notice

in this case, and justifies this court in holding that the proceedings initiated by Pack and his successors in interest to forfeit the interest of the plaintiff in the claims mentioned, under section 2324 of the Revised Statutes, should be suspended by a temporary injunction until the actual facts can be ascertained and the questions determined upon the merits.

[1] But there is in the record a question of procedure which we cannot overlook. Upon the filing of the verified bill of complaint the court below issued ex parte a temporary restraining order, to continue until the hearing of the application of the plaintiff for an injunction pendente lite. The complaint was filed on December 15, 1914, and the temporary restraining order was issued on that date. On December 16, 1914, the defendants gave notice that on December 18, 1914, they would move the court for an order dissolving the temporary restraining order. This motion was in accordance with the provisions of equity rule 73 (198 Fed. xxxix, 115 C. C. A. xxxix). On December 18, 1914, the court on its own motion continued the hearing on this order to December 21, 1914, the day upon which the hearing was to be had upon the order to show cause why a temporary injunction should not issue. On December 21, 1914, a hearing was had on defendants' motion to dissolve the temporary restraining order, but no hearing appears to have been had upon the order to show cause why a temporary injunction should not issue as prayed for by the plaintiff.

A temporary restraining order is authorized by section 263 of the Judicial Code. This section was formerly section 718 of the Revised Statutes. The section provides as follows:

"Whenever notice is given of a motion for an injunction out of a District Court, the court or judge thereof may, if there appears to be danger of irreparable injury from delay, grant an order restraining the act sought to be enjoined until the decision upon the motion; and such order may be granted with or without security, in the discretion of the court or judge."

The Supreme Court in Houghton v. Meyer, 208 U. S. 149, 156, 28 Sup. Ct. 234, 236, 52 L. Ed. 432, held that this section does not deal with temporary injunctions, concerning which power is given in other sections of the statutes. The court said:

"While the statutory restraining order is a species of temporary injunction, it is only authorized, as section 718 imports by its terms, until the pending motion for a temporary injunction can be heard and decided."

[2] By section 129 of the Judicial Code (section 7 of Act March 3, 1891, c. 517, 26 Stat. 828, as amended by Act Feb. 18, 1895, c. 96, 28 Stat. 666, Act June 6, 1900, c. 803, 31 Stat. 660, and Act April 14, 1906, c. 1627, 34 Stat. 116), no appeal is provided from an order refusing to dissolve a temporary restraining order. The reason is obvious. The order, when granted without notice, is granted until a hearing, and the matter is made returnable at the earliest possible time, and in no event more than ten days from the date of the order. As said by the Supreme Court in Houghton v. Meyer, supra, quoting from High on Injunctions, par. 3:

"'A temporary restraining order is distinguished from an interlocutory injunction, in that it is ordinarily granted merely pending the hearing of a

motion for a temporary injunction, and its life ceases with the disposition of that motion and without further order of the court, while, as we have seen, an interlocutory injunction is usually granted until the coming in of the answer or until the final hearing of the cause, and stands as a binding restraint until rescinded by the further action of the court.' "

See, also, Wetzstein v. B. & M. Co., 25 Mont. 135, 63 Pac. 1043; Maloney v. King, 25 Mont. 256, 64 Pac. 668; Pleasants v. Vevay, etc., Co., 42 Ind. 391.

The order of the court below, denying the motion of the defendants for an order vacating and dissolving the temporary restraining order, is reversed, with instructions to take up and consider the application of the plaintiff for a temporary injunction.