### PACK et al. v. THOMPSON.

(Circuit Court of Appeals, Ninth Circuit. May 24, 1915.)

#### No. 2539.

MINES AND MINERALS ⊂⊃38—MINING CLAIMS—PROCEEDING TO FORFEIT INTEREST OF CO-OWNER—INJUNCTION.

A preliminary injunction *held* properly granted to restrain forfeiture of the interest of a part owner of mining claims, under Rev. St. § 2324 (Comp. St. 1913, § 4620).

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 87½–113; Dec. Dig. ⊂⊃38.]

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; Benjamin F. Bledsoe, Judge.

Suit in equity by E. Thompson against Thomas W. Pack, Stella Schuler, and Joseph K. Hutchinson. From an order denying a motion to dissolve a preliminary injunction, defendants appeal. Affirmed.

Charles W. Slack and Joseph K. Hutchinson, both of San Francisco, Cal., for appellants.

R. P. Henshall, H. L. Clayberg, John B. Clayberg, and Welles Whitmore, all of San Francisco, Cal., for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge. In this suit the plaintiff prayed for and obtained an injunction pendente lite restraining and enjoining

the defendants from in any manner taking any steps towards forfeiting the plaintiff's right, title, and interest in and to 12 certain placer mining claims, particularly set forth and described in the complaint as claims Nos. 68 to 72, inclusive, 87 to 91, inclusive, 111 and 112, situate upon Searles Borax Lake, San Bernardino county, Cal.

All of such claims are included in the 175 claims involved in case No. 2535, 223 Fed. 635, —— C. C. A. ——, all thereof in case No. 2536, 223 Fed. 641, —— C. C. A. ——, one thereof (claim No. 70) in case No. 2537, 223 Fed. 645, —— C. C. A. ——, and all thereof in case No. 2538, 223 Fed. 638, —— C. C. A. ——. The complaint is based upon an alleged notice of forfeiture dated September 14, 1914, and served by the defendants upon the plaintiff, wherein they claim to have expended the sum of $1,200 for assessment work upon the claims for the year 1911, and they demand payment by him to them of a contribution for such assessment work on the claims alleged to amount to the sum of $150. After the granting of the injunction pendente lite, a motion was made by the defendants for an order vacating and dissolving the injunctive order. The motion was based upon affidavits of the defendants in which some of the material allegations of the complaint were denied, but there was no denial as to the terms and conditions of the notice of forfeiture.

The appeal in this case is from an order of the court below refusing to dissolve the injunction pendente lite. It sufficiently appears that the $1,200 here claimed as an expenditure by Pack on 12 claims for the year 1911 is part of the $5,600 claimed by Pack as having been expended by him on the 175 claims described in the notice attached to the complaint in case No. 2535, 223 Fed. 635, —— C. C. A. ——, where such expenditure is claimed to have been made for the years 1911 and 1912. It appears, further, that said 175 claims included the 12 claims involved in this case. The inconsistency of these notices, which also appears by direct and positive allegations of the complaint, is sufficient to discredit the notice in this case, and justifies this court in holding that the proceedings initiated by Pack and his successors in interest to forfeit the interest of the plaintiff in the claims mentioned, under section 2324 of the Revised Statutes, be suspended by a temporary injunction until the actual facts can be ascertained and the questions involved determined upon the merits.

The decree of the court below is affirmed.

A preliminary injunction *held* properly granted to restrain forfeiture of the interest of a part owner of mining claims, under Rev. St. § 2324 (Comp. St. 1913, § 4620).

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 87½–113; Dec. Dig. ⟨⟩38.]

