## SCHAINMANN et al. v. BRAINARD.

### In re STEIN.

(Circuit Court of Appeals, Ninth Circuit. September 14, 1925.)

No. 4505.

Appeal and error ☞71(3)—Appeal lies, not from temporary restraining order, but from grant of preliminary injunction.

Under Judicial Code, § 129 (Comp. St. § 1121), appeal will not lie from order granting temporary restraining order, which is granted without hearing, and is incident to order to show cause why preliminary injunction should not be granted but would lie from an order on a hearing of both sides, in effect granting a preliminary injunction, though in terms continuing temporary restraining order.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Suit by G. W. Brainard, trustee in bankruptcy of Nathan Stein, against Paul Schainmann and others. From a temporary restraining order, certain defendants appeal. Appeal dismissed.

See, also, 5 F.(2d) 249; 7 F.(2d) 169; 8 F.(2d) 13.

Hilton & Christensen, of San Francisco, Cal., for appellants.

Henry Ach, Joseph Kirk, Dinkelspiel & Dinkelspiel and Hiram E. Casey, all of San Francisco, Cal., for appellee.

Before HUNT, McCAMANT, and MORROW, Circuit Judges.

HUNT, Circuit Judge. As trustee of the estate of Nathan Stein, bankrupt, Brainard sued Paul and Sophie Schainmann and three others to recover a judgment for moneys alleged to be the value of certain goods and property fraudulently delivered and concealed in pursuance of a conspiracy between Stein and others; also for an injunction to prevent defendants from removing or disposing of the property pendente lite.

Upon the complaint the District Court granted a temporary restraining order. That order was granted on January 17, 1925, and directed defendants to appear on the 24th of January, 1925, to show cause, if any they had, why a temporary injunction should not be granted as prayed for in the complaint. On January 24, 1925, defendants appeared, demurred, and moved to dissolve the temporary restraining order on the ground of lack of jurisdiction of the court. After hearing, the demurrer and motion to dissolve were overruled by order made on January 26, 1925, and it was then also ordered that the bond which had been given should be increased to $25,000, "and that upon the giving of said bond the restraining order issued herein remain in full force and effect." Thereafter, on January 27, 1925, the court made an order appointing a special master and referring to him the whole matter presented by complaint and answer to be filed, with directions to find and report facts, including the question whether or not the "preliminary restraining order" should be "made to continue" pending the hearing, but it was ordered that until the further order of the court the restraining order theretofore issued be continued in full force and effect; plaintiff having filed a bond for $25,000. No appeal was taken from the order of January 27th, nor does it appear that the court subsequently made or granted any restraining order or injunction.

On February 5th plaintiff moved for leave to file an amended complaint, bringing in a new party, and alleging more fully in detail acts of defendants, and praying that certain transfers be set aside, and for an accounting and general relief. On February 9, 1925, plaintiff was given leave to file the amended complaint. To the amended complaint defendants demurred, and moved for dissolution of the temporary restraining order "issued on the 17th day of January, 1925." The demurrer was upon the sole ground of lack of jurisdiction. The motion to dissolve was upon ground of lack of jurisdiction, and that the temporary restraining order was improvidently issued. In support of the mo-

tion defendants filed affidavits with respect to claim of title to the merchandise involved.

After a hearing, the demurrer to the amended complaint and the motion to dissolve the temporary order were overruled. Thereafter, on February 11, 1925, defendants took an appeal from the decree of the District Court made on "the 26th day of January, 1925," and the decree rendered "on the 9th of February, 1925." That is the only appeal that was taken, and is the one now under consideration.

From the statement it is clear that no appeal was taken from the order made on January 27th, which was the order granting a preliminary injunction, which superseded the temporary restraining order. That order was appealable, for upon a hearing of both sides, it put in force an injunction. The language used continuing the temporary restraining order was, in effect, the grant of a preliminary injunction, and from that order or decree appeal could be taken. Section 129, Judicial Code (Comp. St. § 1121); 2 Foster, Fed. Practice, p. 1469; Davis v. Hayden, 238 F. 734, 151 C. C. A. 584; Northern Pacific Ry. Co. v. Pacific Coast Lumber Mfrs.' Ass'n et al., 165 F. 1, 91 C. C. A. 39. But from the order of January 26th, granting the temporary restraining order, appeal does not lie. Such was the holding of this court in Pack et al. v. Carter, 223 F. 638, 139 C. C. A. 184, where the court, citing Houghton v. Meyer, 208 U. S. 149, 28 S. Ct. 234, 52 L. Ed. 432, as distinguishing between a temporary restraining order and an interlocutory injunction, the one being ordinarily granted merely pending the hearing of a motion for a temporary injunction, and ceasing with the disposition of that motion and without further order of the court, while an interlocutory injunction, being ordinarily granted after hearing until the coming in of the answer or until the final hearing of the case, remains as a binding restraint until otherwise ordered by the court, said that by section 129 of the Judicial Code, as amended, "no appeal is provided from an order refusing to dissolve a temporary restraining order." See, also, High on Injunctions, § 33; 16 A. & E. Enc. Law, 349; Joseph Dry Goods Co. et al. v. Hecht, 120 F. 760, 763, 57 C. C. A. 64.

The correct view is that a temporary restraining order is granted without hearing, and is incidental to an order to show cause why preliminary injunction should not be granted. The hearing is upon the application for the injunction.

The appeal must be dismissed. So ordered.