## JONES v. COSMOPOLITAN GUARANTEE BUILDING & LOAN ASS'N et al.

### No. 8540.

Circuit Court of Appeals, Ninth Circuit.

Dec. 23, 1937.

R. L. Miller and Fred Lake, both of Oakland, Cal. (Wm. B. Chaplin, of Oakland, Cal., of counsel), for appellant.

Archibald B. Tinning and T. H. DeLap, both of Martinez, Cal., for appellee Putnam.

Ridley D. Stone, Jr., and Walter Carrington, both of Oakland, Cal., for appellees Cosmopolitan Assn. and others.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

STEPHENS, Circuit Judge:

This is an appeal from an order dismissing an amended petition under section 75 of the Bankruptcy Act, as amended, 11 U.S.C.A. § 203, and dissolving a restraining order.

Appellant filed his petition under the statute just cited and sought a composition or extension of his debts. Appellant was indebted to the Cosmopolitan Guarantee Building & Loan Association for approximately $3,200, secured by a trust deed on his farm of 58 acres. All proper precedent acts were taken by the trustees to sell the farm on November 14, 1933, under the lien for default of due payment, but negotiations as to refinancing resulted in numerous postponements of sale. On this same day it may be noted the petition under the conciliatory provisions of the Bankruptcy Act was filed.

On January 26, 1934, a meeting of creditors was held and the debtor proposed: (1) A cash payment of 65 per cent. of the debt to be accepted in full discharge thereof, contingent upon the debtor's ability to borrow that much; or (2) an extension of 6 months. Both offers were rejected, and the conciliation commissioner so reported, February 21, 1934.

April 5, 1934, the loan association filed a petition for leave to proceed with the sale.

On August 6, 1934, the court made its order, based upon the stipulation of the parties, restraining the sale of the property until 10 a. m., December 3, 1934, and providing that if the debtor should fail to make payment in the manner prescribed by the order on or before that date, "then said sale may thereupon be forthwith or at any time thereafter, conducted and held." The terms of payment were that the loan association agreed to accept $2,500 in its investment certificates, to be taken at their face value, and the balance in cash. The debtor failed to meet this condition within the time prescribed, and the loan association thereafter voluntarily postponed the sale on the understanding that cash would be accepted in the payment of the debt.

December 6, 1934, the Building and Loan Commissioner of the state of California took over the loan association, and Floyd J. Hickey was made custodian of its property and assets. Negotiations with the debtor continued.

Then followed other postponements of sale at the debtor's request.

January 11, 1935, debtor filed a petition in the bankruptcy proceeding seeking restraint of sale, alleging by inference that he had been prevented from paying the debt by reason of the loan association's having been taken over by the state authorities.

The chronological events, however, do not bear this claim out for the loan association was taken over by the commissioner on December 6, 1934, three days after

December 3, 1934, when the payment date of the agreement expired.

On the date of the filing of the amended petition with the bankruptcy court for restraint of sale, January 11, 1935, an order to show cause was issued requiring custodian Hickey to show cause, January 14, 1935, why restraint of sale should not issue. The sale was accordingly restrained until January 29, 1935, pending the hearing on the order to show cause. Various continuances followed until on February 28, 1935, the court ordered the petition to restrain dropped from the calendar for want of prosecution. In the meantime, the trustees under the deed had continued the sale from time to time. Thereafter, on March 5, 1935, they sold the property to G. L. Putnam. Debtor filed a suit in the state court against Putnam to quiet title to the property. The court quieted Putnam's title on his cross-complaint. On June 22, 1936, the debtor filed a supplemental petition in the bankruptcy court asking a postponement of sale and a restraining order. Thereafter, in dismissing this supplemental petition, the trial judge found that the restraining order issued pending the disposal of the petition of the debtor filed January 11, 1935, had been dissolved by the order of the court made February 18, 1935, dropping the petition from the calendar, and that the sale to Putnam by the trustees was made under authority of the order of the court made on August 6, 1934, and that Putnam had acquired title to the real property formerly subject to the deed of trust, and that such property had been beyond the jurisdiction of the bankruptcy court at all times following the sale to Putnam.

There can be no doubt that when at 10 a. m., December 3, 1934, payment had not been made, the restraint upon the sale provided by the order of August 6, 1934 automatically ceased. The subsequent temporary restraining order was issued only to maintain the statu quo pending hearing on the order to show cause, and when the order to show cause was dropped from the calendar, there was nothing to support the restraining order, and it thereupon became noneffective for any purpose. Houghton v. Cortelyou, 1908, 208 U.S. 149, 28 S.Ct. 234, 52 L.Ed. 432; Pack v. Carter, 9 Cir., 1915, 223 F. 638, 640; Schainman v. Brainard, 9 Cir., 1925, 8 F.2d 11, 12. The original order permitting the sale stood unaffected.

Order affirmed.