## MILWAUKEE AND MINNESOTA RAILROAD CO. *v.* SOUTTER.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF WISCONSIN.

No. 267.   Argued February 1-9, 1864. — Decided February 23, 1864.

The removal or appointment of a receiver rests in the sound discretion of the court making the order, and is not revisable here.

THE case is stated in the opinion.

MR. JUSTICE NELSON delivered the opinion of the court.

This is an appeal from an order of the court below overruling a motion on the part of the Milwaukee and Minnesota Railroad Company, the appellants, to remove the receiver in possession of the La Crosse and Milwaukee Railroad, and put the petitioners in the possession and control of the eastern division, extending from Milwaukee to Portage; and which order overruled, also, an application in behalf of the applicants to remove the Milwaukee and St. Paul Railway Company from the possession nd control of this division, which had been given to them by a previous order of the court, under date of June 12, 1863. These applications by the appellants were made in a suit of foreclosure of what is known as the second mortgage upon the road given to secure the bondholders.

A receiver had been appointed in the cause at the instance of the complainants, and his powers were subsequently modified by the court, so as to let in the Milwaukee and St. Paul Company to run the road and manage its affairs under the direction of the court.

A decree had been rendered by the court in the foreclosure suit, previous to these motions, in favor of the complainants, from which they had taken an appeal, and which appeal, as has been decided at this term, had the effect to suspend the execution of the decree of the court below and all proceedings under it, except such as might be necessary for the preservation and security of the subject of litigation. But without inquiring whether the court below, after the appeal, had any authority to entertain the motions of the appellant, it is sufficient to say the order made in disposing of them is not the subject of an appeal. The removal or appointment of a receiver, which, in effect, was the object of the motions, rested in the sound discretion of the court, and the decision is not revisable here.

We should add that the decision already given in this cause at the present term, holding that the foreclosure suit pending in the District Court at the passage of the act extending the circuit court system to the State of Wisconsin, transferred it to the jurisdiction of the Circuit, is, of itself, conclusive against this appeal.

*The appeal is dismissed.*

*Mr. M. H. Carpenter* for appellants.

*Mr. N. A. Cowdry* and *Mr. N. J. Emmons* for appellee.