Taylorville Savings Loan and Building Association, Appellant, v. John Korenjack et al., Appellees.

Gen. No. 8,834.

Opinion filed June 15, 1934.

J. E. Hogan, for appellant.

Leal W. Reese, for appellees.

Mr. Justice Fulton delivered the opinion of the court.

This is an appeal from the circuit court of Christian county from a decree of that court denying a petition for the appointment of a receiver. The bill to foreclose a mortgage was filed to the August term, 1933, of said court. Personal service was had upon appellees who did not appear either in person or by counsel. A decree ordering foreclosure was entered on the 6th day of October, 1933, after the cause had been referred to the master in chancery, proofs taken and report as to amounts due on the note and mortgage reported back to the court. The decree found the original indebtedness to be $2,150, which together with interest and amounts advanced for insurance, taxes, and abstract, plus solicitors' fees, amounted to the sum of $2,413.35, on the date the decree was entered.

The master's report of sale showed that the property was sold to the appellants for the sum of $2,400 which was $280.21 less than the amount due on the day of sale, which was November 7, 1933. On November 10, 1933, the petition for the appointment of a receiver was filed, alleging that the property was insufficient security for the amount of the indebtedness. On February 1, 1934, an order providing for a deficiency

judgment against the appellees for $280.21 was filed *nunc pro tunc* as of November 10, 1933. On November 27, the appellees answered the petition for the appointment of a receiver denying the allegations of the petition. A hearing was had before the court on December 4, 1933, on the petition and answer.

The secretary of the Building and Loan Association and two of its directors testified that the premises were worth from $2,100 to $2,400 while the appellee John Korenjack testified that on October 18, 1930, he purchased the premises from appellant for the sum of $3,850, of which amount $1,750 was paid in cash; that since that time he had paid $600 in paving and sewer assessments against the property; that one of the officials of appellant offered him $3,500 for the property about a year before and that he had applied for a Home Owner's Loan from the Government but that the appellant refused to take the bonds offered by the Home Owner's Loan Corporation.

The mortgage contained the following covenant, among others: "In case of the filing of any bill to foreclose this mortgage, the Court may appoint the Secretary of this Association or any competent person receiver, with power to collect the rents, issues and profits arising out of said premises during the pendency of such foreclosure suit, and until the right of redemption expires, and such rents and profits so collected shall be applied first to the payments of taxes and the expenses of keeping said premises in good order and condition and the balance shall be applied toward the payment of said indebtedness."

The power to appoint a receiver in any case is a power possessed and exercised by courts of chancery as a part of the general preventive jurisdiction. It is a remedy to be applied by such court whenever in its judgment the exercise of such power is necessary to prevent injury and do complete justice. *Redington v. Craig*, 270 Ill. App. 163.

It is not always a matter of right that a receiver be appointed after decree and sale. In the case of *First Nat. Bank of Joliet v. Illinois Steel Co.,* 174 Ill. 140, the court said: ''We hold, then, both upon the principles of equity that lie at the foundation of the chancery court, and upon authority, a receiver may sometimes be allowed after decree and sale, and that a mortgagee does not, in all cases, exhaust his security by a foreclosure and sale. It is, however, a power that the chancellor will be slow to exercise except in an extreme case, and to prevent palpable wrong and injustice.''

In the present case we do not believe the court abused its discretion in denying the petition for the appointment of a receiver. There was no proof that the appellees were insolvent; indeed John Korenjack testified that he was the owner of a three-room house at Nokomis that was free from incumbrance.

The proof as to the values by officers of the appellant was not convincing and it was well within the discretion of the court to say that the allegations of the petition were not sufficiently proven.

The decision of the trial court in denying the prayer of said petition is therefore affirmed.

*Affirmed.*