230

## WILLIAMS HOLDING CO. et al. v. PENNELL.

### No. 8215.

Circuit Court of Appeals, Fifth Circuit.

Nov. 10, 1936.

Rehearing Denied Dec. 12, 1936.

R. F. Maguire, H. M. Voorhis, J. R. Wells and Edward K. Goethe, all of Orlando, Fla., for appellants.

Herschel O. Moats, J. Thos. Gurney, and Le Roy B. Giles, all of Orlando, Fla., and C. C. Wyche and Donald Russell, both of Spartanburg, S. C., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

This is an appeal from an ex parte order appointing temporary receivers. Appellee has filed a motion to dismiss the appeal. His ground is that the order appointing receivers ex parte, and not after hearing, was not an appealable one.

Appellants, on the authority of our case, Marion Mortg. Co. v. Edmunds, 64 F.(2d) 248, insist that though entered ex parte, the order was not a mere preliminary, nonappealable one, but one which makes no provision for a specific time and place for a hearing and does not provide that it is to continue in force until the time set, and is therefore appealable. Appellee replies that though no specific time is set for the hearing, provision is made in the order for a hearing within 30 days, and appellants, within that time did file their motion to dissolve, which motion is still pending undisposed of.

While the matter is not free from doubt, we think that in view of the sweeping character of the order and the fact that the hearing provided for in it is not a hearing upon whether the order shall be continued in force, but upon whether the appointment shall be dissolved, the order is an appealable one. The motion to dismiss is therefore denied.

When, however, the appeal is considered in the light of the reversals in Hamer v. Pennell (C.C.A.) 86 F.(2d) 227, of the judgments on which the bill and order for the receivers was based, we think it clear that their appointment should be vacated. With those judgments in force, plaintiff had a right to apply for and the allegations of its bill were sufficient to entitle it to the appointment of temporary receivers pending a hearing. Without those judgments, appellee, a simple contract creditor, has no standing to apply for a receiver. Pusey & Jones Co. v. Hanssen, 261 U.S. 491, 43 S.Ct. 454, 67 L.Ed. 763. Those judgments were on appeal, their validity actively questioned when the receivership was applied for. Appellee applied for it at his peril; the judgments fallen, the receivership falls too.

The order appointing receivers is therefore reversed, and the cause is remanded, with directions to discharge the receivers and dismiss the bill.