## MONROE COUNTY BANK OF EAST STROUDSBURG, PA., v. DREHER et al.

### No. 6207.

Circuit Court of Appeals, Third Circuit.

Jan. 25, 1937.

Rehearing Denied March 23, 1937.

R. Wallace White, of Scranton, Pa., and Erdman & Williams, of Stroudsburg, Pa., for appellant.

C. R. Bensinger, of Stroudsburg, Pa., Ellsworth Keller, of Tunkhannock, Pa., and Palmer & Bensinger, of Stroudsburg, Pa., for appellees.

Before BUFFINGTON and THOMPSON, Circuit Judges, and MARIS, District Judge.

BUFFINGTON, Circuit Judge.

In the court below it appears that the Water Gap Throwing Company, Inc., a corporation, filed a debtor's petition under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207), and later admitted its insolvency and requested the liquidation of its estate. It is the owner of ground on which is a silk mill, and the appellant has a first mortgage thereon, now overdue, and taxes of $3,405.78, amounting to, in all, $55,607.73. The trustees presented a petition to sell the property free and clear of liens. To this petition the appellant made answer, inter alia, that: "There is nothing of record in the aforementioned bankruptcy proceedings nor in the petition of the Trustees for leave to sell said real estate, to show why it would be to the advantage and interest of said bankrupt estate to sell said real estate free and clear of all liens and encumbrances."

Assuming, as we do, the power of a court in bankruptcy to order a sale clear of encumbrance, the law is that before such power is·exercised, it must be shown, first, that such sale will benefit general creditors, and, secondly, that it will not injure existing liens. This is well stated in 7 Corpus Juris, p. 232, § 359: "The court must be satisfied, before it will order encumbered property.to be sold free of liens, that such course will advance the interests of the general creditors, and will not injuriously affect the interests of creditors holding liens on the property."

After due consideration had, we are clear that the order of sale complained of would very gravely injure the mortgagee. Beyond the mere expression of opinion by the trustees that there is an equity in the property over and above the mortgage and taxes, there is no proof of such fact or no undertaking by any one to bid such amount on the property as would create an equity. The bank is now in a position to foreclose its mortgage and the amount due on the mortgage and the taxes is ascertained so that the property could be sold subject to those liens.

Under the present order, if the bank is to protect its mortgage and create any equity for the general creditors, it would be forced to bid the full amount of these liens in order to protect itself, and if it did bid that full amount, it would be compelled to pay into court the entire purchase money, and this without any provision in the decree of sale that its mortgage debt and taxes should be a prior lien on the money thus paid into court. This would be manifestly unjust. On the other hand, if the bank bought in the property at the minimum bid of $18,000, which it is compelled to pay, no provision is made for transfer and fastening the lien of its mortgage on this $18,000 thus paid into court.

Viewing the situation as a whole, we are satisfied that, in the language of the bank's answer, "a sale of said real estate, free and clear of all liens and encumbrances, can only result in increasing the costs of administration, including Trustees' and Attorneys' fees and Referee's commissions, without any advantage accruing to the general creditors of the bankrupt estate."

So regarding, we are forced to vacate the order of sale complained of