GOSSETT, Banking Com'r, v. FIRST-TRUST JOINT STOCK LAND BANK OF CHICAGO.

No. 12852.

Court of Civil Appeals of Texas. Dallas.

March 2, 1940.

Rehearing Denied March 30, 1940.

Joe T. Goodwin, of Austin, for appellant.

Lawther, Cramer, Perry & Johnson and Lawrence F. Green, all of Dallas, for appellee.

YOUNG, Justice.

Z. Gossett, as State Banking Commissioner and Statutory Receiver of the Benjamin State Bank, has appealed from an order of a Dallas County district court, appointing a receiver to 440 acres of land in Knox County, ancillary to appellee Land Bank's suit in debt and foreclosure; the appointment being on same date as application, and without notice to appellant.

The First-Trust Joint Stock Land Bank of Chicago, as owner of a certain deed of trust note and lien, had filed its said suit against Mrs. Mattie Reed, individually and as executrix of the estate of W. H. Reed, deceased, some tenants, and Z. Gossett, Banking Commissioner of Texas, as Statutory Receiver for the Benjamin State Bank, to establish its debt and lien aforesaid; and during the pendency thereof, made application for a receiver. Defendant, Mrs. Mattie Reed, promptly filed answer agreeing to such appointment, and, on the same day, an ex parte receivership was ordered. The Land Bank's application for this relief alleged that, at the time thereof, appellant was in charge of said Benjamin State Bank, as receiver; that the lands were situated in Knox County; making its original petition a part thereof. The main pleading likewise disclosed the capacity in which appellant was administering the affairs of said State Bank for purpose of liquidation; and that the Banking Commissioner was claiming some right, title and interest in the lands, perforce of a prior foreclosure by the Benjamin State Bank of a second lien against the realty in question. Appellee's original petition contained other allegations showing claims of the Banking Commissioner, such as payment of semi-annual interest on the first lien note, taking assignments of lien therefor. The record and briefs further disclose that the Benjamin State Bank closed on March 18, 1936, came regularly into the hands of the Banking Commissioner of Texas for administration in a cause filed April 27, 1936, in the District Court of Knox County, styled "In Re Liquidation Benjamin State Bank, No. 2768–A"; and that its assets and affairs, continuously since said date, had been in his hands for statutory settlement and distribution; that later on, Mrs. Mattie Reed filed suit in the same court (Knox County) to recover said land, the Banking Commissioner securing judgment, which, upon appeal, was reversed and remanded. Vide, Reed v. Benjamin State Bank, Tex.Civ. App., 114 S.W.2d 365. A second trial of said cause was had, and, upon jury verdict, judgment was rendered in favor of Mrs. Reed for title and possession of the land. The Banking Commissioner duly appealed in an order superseding the judgment, which appeal is now pending in the

Court of Civil Appeals at Eastland, Eleventh District. It appears further that the land in controversy has been in the possession of appellant Commissioner (through tenants) since the closing of the State Bank; that in the exercise of such control, this official has paid the taxes thereon, claiming all rights of possession; that the District Court of Knox County likewise has continued to exercise its jurisdiction relative to the liquidation of said State Bank, including the granting of many orders disposing of assets and properties, approving reports of the Banking Commissioner with respect to expenses of liquidation, compromise and settlement of claims, etc. The Banking Commissioner did not, at any time since the land came into his possession, agree to surrender control thereof to appellee Land Bank, or waive any right thereto. Knowledge of the instant proceedings was acquired some days after the appointment was made. It is certified by the trial court that no evidence was heard on said application for receiver, and that his order was based upon a consideration of pleadings. Appellee's application asserts, as grounds: "That the value of said property is now insufficient to discharge plaintiff's debt, principal interest and attorney's fees, and the conditions of said deed of trust have not been performed. That unless this Honorable Court appoints a receiver to take charge of said lands, to collect the rents thereupon and therein during the pendency of this suit, this plaintiff will suffer irreparable injury." \

 It is appellee's contention that (1) the action just referred to is at the instance of a first lienor, contains statutory allegations, is joined in by Mrs. Mattie Reed, to whom was decreed the title by the Knox County District Court, and is sufficient to justify the appointment of a receiver, ex parte; (2) the suit of the Land Bank was in the county where the first lien note was payable, and the subject matter thereof—the land—was not in custodia legis, as regards the Land Bank's superior rights; the statutory receiver, having entered appearance in the main suit with no attack upon the jurisdiction of the Dallas Court. To these propositions, we cannot agree. The repeated decisions of this Court alone, are to the effect that a receiver should not be appointed without notice to all parties adversely interested, unless it be made to appear that the plaintiff in suit would suffer material injury

*by the delay necessary to give notice.* (Italics ours.) See Underwood v. Clark, Tex.Civ.App., 103 S.W.2d 199, and authorities there cited, including 36 Tex.Jur. pp. 104–111, secs. 48, 49. Also, the particular realty was already in possession of a receiver appointed by the District Court of Knox County. Appellee could properly maintain its suit for debt and foreclosure against the Banking Commissioner, as receiver, in Dallas County, the judgment to be presented to and enforced by the court in which the prior receivership was pending. Art. 2310; Baylor University v. Chester Sav. Bank, Tex.Civ.App., 82 S.W. 2d 738, writ refused. The second judgment, determining that appellant had no interest in the land, had been superseded and was on appeal, with the result of continuing the Banking Commissioner's right of possession thereto. The trial court's order granting appeal from the Mattie Reed judgment, recited that it should be held in abeyance and no process issue for enforcement until final disposition of the appealed cause. No rights could be asserted under it, pending appellate proceedings, and the direct effect of the instant appointment was to invade appellant's possession as receiver. This, a court of co-ordinate jurisdiction cannot do. McCurdy v. Gage, 123 Tex. 558, 69 S.W.2d 56.

This cause is accordingly reversed and here rendered, vacating said receivership order.

Reversed and rendered.