William T. Simpson et al., Appellees, v. E. S. Adkins et al., Defendants, Chicago, Wilmington and Franklin Coal Company and E. S. Adkins, Appellants.

544

Heard in this court at the May term, 1941. Opinion filed October 21, 1941. Rehearing denied November 19, 1941.

ADAMS, HAWXHURST, HAWLEY & WHITE, of Chicago, ROY C. MARTIN and CARTER HARRISON, both of Benton, for certain appellant.

J. G. VAN KEUREN, of Du Quoin, and FEIRICH & FEIRICH, of Carbondale, for certain other appellant.

HEFNER & HARRIS, of Evansville, KERN, PEARCE & PEARCE, of Carmi, and ALLEN K. SWANN, of Evansville, for appellees.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from an interlocutory order appointing a receiver, without notice and without bond, and authorizing him to take possession of and drill a certain oil well and develop a certain oil and gas lease of premises situated in Franklin county, Illinois. The complaint filed by the appellees (hereinafter called plaintiffs), charged that one Elizabeth Simpson (the owner of certain premises two rods in width) died intestate, leaving seven children as her heirs; that five of the seven surviving children made an oil and gas lease in favor of one Williams, which oil and gas lease was ratified by a sixth child. The complaint states that on February 24, 1941, the lessee, Williams, assigned the oil and gas lease to Gordon G. MacLean Crude Oil Purchasing Corporation, a Delaware corporation (one of the plaintiffs), and that on April 25, 1941 such corporation assigned said oil and gas lease to the plaintiff, Russell, which assignment is attached to the complaint. Five of the seven children of the deceased Elizabeth Simpson likewise joined as plaintiffs, one daughter was made a defendant, and the unknown heirs of the remaining son were made defendants. Lessee Williams was, likewise, made a defendant.

It is averred that defendants Adkins and Chicago, Wilmington & Franklin Coal Company claim all of the oil rights under the land. The complaint, likewise, avers that the conveyances in the chain of title to the defendant Coal Company constitute clouds upon the

title of the plaintiffs and should be canceled. The complaint likewise avers that there are producing oil wells on either side of the tract, which will drain oil from under the tract involved. The complaint sets forth that defendant Adkins obtained an oil and gas lease from plaintiff Isaac M. Simpson, Jr., about six months before the lease was made to Williams, and it is, likewise, stated that at various dates thereafter, Adkins obtained oil and gas leases from other grantors in the chain of title, and that on September 6, 1940, he obtained an oil and gas lease covering all of the premises (together with certain adjoining lands), from the defendant Coal Company. The lease from the Coal Company was dated about three months prior to the first oil and gas lease to Williams.

The complaint contains general charges of fraud or mistake as a basis for setting aside all of the leases and conveyances through which the Coal Company and Adkins claim. The complaint states that on April 12 and 14, 1941, Adkins obtained an oil and gas lease from six of the seven heirs of Elizabeth Simpson, which leases are attached as exhibits and contain provisions that the tract in controversy is used for such purposes that the lessors desire that no well be drilled, nor obstructions placed thereon, and that said tract is communitized with the eighty acres of which it is a part, and such lessors are to receive royalty payments in proportion that the acreage of the tract bears to the entire eighty acres. The complaint makes general charges of fraud as a basis for cancellation of such leases. There is a further averment in the complaint that plaintiff Russell, the second assignee, cannot safely expend funds to drill an oil well and develop the tract; that such activity would involve an expenditure of approximately $65,000, and that because of the fact that there is an outstanding interest in the tract, which is not merged and included in his oil and gas lease, said Russell avers that he cannot safely be re-

quired to develop the premises. It was further averred in the complaint that oil wells on either side of the tract are draining the oil and that unless a receiver was appointed to drill an oil well on the tract, there would be no off-set wells; that plaintiffs except not to expend the money to be derived from the oil, except so much as is necessary to drill the oil wells, develop the property, and carry on the oil well operation; and that no bond should be required of plaintiffs. The complaint concludes with a prayer that certain clouds on the title be canceled; that the court determine the ownership of the outstanding one-seventh interest; that plaintiffs, together with the owner of the outstanding one-seventh interest, be declared to be the owners of the tract, subject to the interests of plaintiffs Russell and Gordon G. MacLean Crude Oil Purchasing Corporation, assignees of the lease, and also subject to the rights of Williams the original lessee; that certain royalty assignments be canceled; that a temporary receiver be appointed, with full power and authority to enter in and upon the tract for the purpose of immediately drilling for oil and gas, and that such receiver be appointed forthwith and without notice and without bond. The complaint, likewise, prays for certain injunctive relief against defendant Adkins.

The circuit court of Franklin county entered an order, which was issued without notice and without bond being required of plaintiffs, appointing a receiver, directing him to enter into and take possession of the premises, to drill and operate the premises for oil, to pay out of the seven-eights working interests of the oil produced, the expenses of the receiver, receiver's bond premium, fees for receiver's attorney, and the cost and expense of drilling, developing and operating the premises.

Defendants thereafter gave notice of their motion to vacate the order, and accompanied said motion by an affidavit of defendant Adkins, setting forth that the

tract is now and has been for many years, a public highway in Franklin county, Illinois; that the defendant Coal Company is the owner of an interest in and to the oil and gas underlying such premises, and to the oil and gas which may be recovered from all of the premises immediately adjoining the tract entirely surrounding what is termed the "roadway strip" for which a receiver was appointed. It is contended that the Coal Company and Adkins have the exclusive right to the oil which may be recovered from approximately 140 acres immediately adjoining the roadway (eighty acres on the west and sixty acres on the north side), and that if the so-called "roadway strip" is developed for oil and gas, it would be necessary to drill off-set wells, costing approximately $15,000 each, to prevent the adjoining premises from being drained of oil.

The motion to vacate set forth that the action of the court in appointing the receiver, without notice and without bond by plaintiffs, was invalid and contrary to the statute; that the complaint was insufficient to warrant the appointment of the receiver; that the court was without jurisdiction to appoint a receiver to drill an oil well on the property in question, and to authorize the receiver to expend $65,000 for such purpose; that the plaintiffs do not own or have a lease from all of the owners of the oil and gas underlying the premises; that if plaintiffs have the right to drill oil wells, the allegation that they cannot safely expend the money to do so is unsufficient to warrant the appointment of a receiver; that the appointment of a receiver will cause damages to the appellant Coal Company, requiring off-set wells as hereinabove stated; that the premises described in the complaint and for which the receiver was appointed constitute a public highway; that certain acts by the township officials conferred no rights to drill upon the public highway; and that the verification of the complaint was insufficient; that the order of the court ap-

pointing the receiver was insufficient and failed to make requisite and necessary findings; and that the Act of July 1, 1939 (1939 Ill. Rev. Stat., ch. 104, secs. 25–33 [Jones Ill. Stats. Ann. 93.50–93.58]) relating to oil and gas interest in land, furnishes a complete and adequate remedy for the alleged claims of the plaintiffs. The motion was presented to the court which had appointed the receiver, and, after being argued by attorneys for both plaintiffs and defendants, was overruled. In such order, the court required the plaintiffs to give bond in the sum of $5,000. Defendants (Coal Company and Adkins), on appeal to this court, contend that the court erred in entering the order appointing the receiver, without notice and without bond, and that the court, likewise, erred in entering the order overruling the motion to vacate, as herein set forth.

It also appears from the briefs submitted in this court that after the filing of notice of appeal, the circuit court of Franklin county has authorized the drilling of additional oil wells by the receiver. Defendant-appellants rely for reversal in this cause upon the contentions: (1) That the court below primarily violated the statute in appointing a receiver without notice and without bond (1939 Ill. Rev. Stat., ch. 22, sec. 54 [Jones Ill. Stats. Ann. 106.19]); (2) That the complaint did not justify the appointment of a receiver because its verification was insufficient under the doctrine of *Palmer Grill, Inc. v. Nory,* 268 Ill. App. 292; (3) That the interlocutory order appointing a receiver is insufficient in that it fails to make requisite and necessary findings which would excuse the giving of a bond by plaintiffs (by analogy to the case of *Sherman Park State Bank v. Loop Office Bldg. Corp.,* 238 Ill. App. 450); (4) That, basically and fundamentally, the allegations of the complaint are wholly insufficient to justify the appointment of a receiver; (5) That the tract in controversy is a public highway and that the court was without jurisdiction to appoint a receiver

to take possession and drill an oil well thereon; and (6) That the plaintiffs have a complete and adequate remedy under the provisions of sections 25 to 33 of chapter 104 of the 1939 Ill. Rev. Stat. [Jones Ill. Stats. Ann. 93.50–93.58] relating to drilling of oil wells by plaintiffs who own a majority in interest where lands are being drained by wells on adjoining lands. Plaintiffs denied the contentions of the defendant-appellants herein, and set forth, among other things, that the defendants had a hearing upon the motion to vacate, which served all the purposes of a notice in the first instance, and that defendants have waived objections by participating in proceedings thereafter.

It is not denied by either party that the power to appoint a receiver in any case is a power possessed and exercised by courts of chancery, as a part of their general preventative jurisdiction, and that receivership is a remedy to be applied by a court whenever, in its judgment and discretion, the exercise of such power is necessary to prevent injury and to do complete justice. (*Bagdonas v. Liberty Land & Investment Co.*, 309 Ill. 103; *Taylorville Savings Loan & Building Ass'n v. Korenjack*, 275 Ill. App. 616.)

It is likewise clear that a court should act to appoint a receiver, without bond, only when good cause is shown therefor, and upon notice and a full hearing (1939 Ill. Rev. Stat., ch. 22, sec. 54 [Jones Ill. Stats. Ann. 106.19]). The appointment of a receiver, without notice, is restricted to such cases of emergency as makes such appointment absolutely necessary (*Schmidt v. Johnson*, 166 Ill. App. 623). It is well established by many cases cited in this State that a receiver *pendente lite* should not be appointed unless it is apparent from the showing made in the complaint that there is danger of the subject of the litigation being dissipated, and grounds which induce a court to interfere must be very strong and there must be a clear case of fraud or immediate danger to the prop-

erty. In the instant case the complaint contains only general allegations of fraud and sets forth no ultimate facts as to the nature of the alleged fraud.

The courts of this State have many times concluded that fraud can be alleged only by allegation of facts constituting the fraud and that the word "fraudulently" does not allege anything and is a mere expletive, or a word of abuse (*Anderson v. Anderson,* 339 Ill. 400, 411; *Ashton v. Macqueen,* 361 Ill. 132, 143; *Felt v. United States Mortgage & Trust Co.,* 231 Ill. App. 110).

One section of the complaint sets forth that plaintiffs Isaac M. Simpson, Jr., and his wife, signed and acknowledged a certain oil and gas lease to Adkins, and that since so signing and acknowledging the same, have learned that the instrument was not identically as represented, and that the co-owners had not agreed to any such instrument, and that the signatures of such plaintiffs were obtained by fraud and misrepresentation, and without any consideration therefor. Even as to such allegations, the complaint fails to state facts which, as a matter of law, would entitle the complainant to the relief of receivership prayed for. A party in possession of his mental faculties, is not justified in relying on representations made when he has an opportunity to ascertain the truth of the representations before he acts. If he does not avail himself of the means of knowledge open to him, he cannot be heard to say that he was deceived by misrepresentations. If he has an opportunity to read the instrument and does not avail himself of the opportunity, he cannot afterwards complain (*Dickinson v. Dickinson,* 305 Ill. 521; *Rugen v. Van Berschot,* 274 Ill. App. 359, 371).

It is apparent that the averments of the complaint were insufficient to authorize the appointment of a receiver. Similarly, the allegation, in general terms, that the rights of the plaintiffs are in immediate danger of being lost is but a conclusion of the pleader.

As a matter of fact, the coincidence of the assignment to plaintiff Russell four days prior to the institution of the receivership action, and the nature of such assignment, suggests the possibility that the emergency upon which plaintiffs place such emphasis was largely within the control of the plaintiffs.

Receivership is a high and extraordinary remedy and should be exercised with caution. Plaintiffs should show first that they have a clear right to the property (*Bagdonas v. Liberty Land & Investment Co., supra*), and a receiver should not be appointed unless the showing made establishes a reasonable probability that the party asking for such receiver will ultimately prevail in the cause (*Ruprecht v. Henrici,* 113 Ill. App. 398, 402). Plaintiffs have obviously failed to justify the basic requirements authorizing the appointment of a receiver, in the instant case. We must therefore conclude that a receivership cannot be justified under the facts as presented by the complaint.

We, likewise, see no reason why the Majority Interest Act referred to (1939 Ill. Rev. Stat., ch. 104, sec. 25–33 [Jones Ill. Stats. Ann. 93.50–93.58]) would not have provided an adequate remedy to plaintiffs, under the circumstances, but we are not passing upon such problem, nor on the other points raised by the defendant, including the purported public highway aspect of the tract, for the reason that we feel the order of the circuit court of Franklin county appointing the receiver, and the order denying the motion to vacate such order, were not justified, as a matter of law. Such orders will, therefore, be reversed and this cause will be remanded to the circuit court of Franklin county, Illinois, with directions to vacate the order of receivership and to proceed in such cause in accordance with the views expressed in this opinion.

*Reversed and remanded with directions.*