### MAXWELL v. ENTERPRISE WALL PAPER MFG. CO. et al.

#### No. 8156.

Circuit Court of Appeals, Third Circuit.

Argued Oct. 23, 1942.

Decided Nov. 4, 1942.

David Bortin, of Philadelphia, Pa., for appellants.

John D. M. Hamilton, of Philadelphia, Pa., for appellees.

Before BIGGS, MARIS, and GOODRICH, Circuit Judges.

GOODRICH, Circuit Judge.

This is an appeal from an order appointing receivers for the Enterprise Wall Paper Mfg. Co. Plaintiff is a minority shareholder of the company. The complaint was filed on September 10, 1942. Application for the appointment of a receiver accompanied it and receivers were appointed by the District Court on the same day without notice to any of the defendants. While the defendants' argument in this Court has raised a number of issues, we think the controlling question is whether the facts alleged in the verified complaint and supporting affidavit justified the exercise of discretion by the trial court in the appointment of the receivers. Defendants have filed no answer or other pleading which, by introducing questions of fact, has lost them their right to raise the question of the sufficiency of the plaintiff's complaint and affidavit to support the appointment.

■ A preliminary point which we must consider, although not raised by either party, is whether the Court may entertain this appeal. Appellate jurisdiction in such cases is governed by § 129 of the Judicial Code,[1] which provides that "Where, upon a hearing in a district court, * * * an interlocutory order or decree is made appointing a receiver, * * * an appeal may be taken from such interlocutory order or decree to the circuit court of appeals;". Is an interlocutory order appointing a receiver one made "upon a hearing" within the meaning of § 129 when it is issued upon the complaint, affidavit, and argument of counsel for the plaintiff, without notice to his opponents? The authorities are sharply divided upon this question. Some maintain that the statute contemplates a hearing wherein both sides are present to plead, argue and present evidence upon the relief sought.[2] The first and fifth circuits have held that less than this may constitute a hearing for the purposes of appellate jurisdiction.[3] The manifest purpose of the statute is to enable a litigant to seek prompt review in an appellate court from an order or decree which in most instances is effective upon its rendition and is drastic and far reaching in effect. With this as its basis, it is unlikely that Congress meant to exclude hearings where the order is granted by a court after reading the papers and listening to the arguments of the complainant. Although one-sided, we think that such proceedings are nevertheless a hearing within the meaning of § 129 for the purposes of appellate jurisdiction.

■■ A second preliminary point, also not raised by the parties, is whether state or federal law governs their rights herein. The corporate defendant is a Pennsylvania corporation and the rights and duties of the shareholders among themselves and the corporation are measured by Pennsylvania law. Restatement, Conflict of Laws (1934) § 199, comment a; see also §§ 192–202. There is no suggestion that the acts which the defendants are alleged to have done would not, if proved, entitle plaintiff to relief. What form of equitable relief a plaintiff is to be given by a federal court for infringement of his rights, we have held to be a matter to be determined by federal law, not state decisions. Black & Yates, Inc., v. Mahogany Ass'n, Inc., 3 Cir., 1942, 129 F.2d 227, certiorari denied 1942, 63 S.Ct. 76, 87 L.Ed. ——. In this case, however, we do not think that there is any difference between the principles determining the appointment of receivers as enunciated by Pennsylvania courts[4] and pointing a receiver for the defendant company without limitation as to time, and not providing for any hearing.

[1] 28 U.S.C.A. § 227.

[2] Dreutzer v. Frankfort Land Co., 6 Cir., 1895, 65 F. 642, 646; Root v. Mills, 7 Cir., 1909, 168 F. 688, 690; Pacific Northwest Packing Co. v. Allen, 9 Cir., 1901, 109 F. 515, 516.

[3] Haight & Freese Co. v. Weiss, 1 Cir., 1907, 156 F. 328, 334, certiorari denied, 1907, 207 U.S. 594, 28 S.Ct. 260, 52 L. Ed. 356; Joseph Dry Goods Co. v. Hecht, 5 Cir., 1903, 120 F. 760. Two later cases in the Fifth Circuit have modified this case, by deciding that whether an "ex parte" hearing is a hearing under § 129 depends upon the term of the receiver appointed, the sweeping effect of the order, and whether a hearing for the opponent within a reasonably short time is provided. In the absence of such ameliorating conditions the court has held the order appealable under § 129. Marion Mortgage Co. v. Edmunds, 5 Cir., 1933, 64 F.2d 248; Williams Holding Co. v. Pennell, 5 Cir., 1936, 86 F.2d 230. It seems doubtful to us that the order resulting from the purported "hearing" should determine whether it was a hearing under § 129 in the first instance. Be that as it may, the order issued in the case at bar is, in its terms, a general one ap-

[4] There is a comprehensive discussion of the law of receivers by the Supreme Court of Pennsylvania in McDougall v. Huntingdon & Broad Top R. & C. Co., 1928, 294 Pa. 108, 143 A. 574. Although, mismanagement, fraud, or misappropriation by the directors and officers of a corporation are recognized as grounds for the appointment of a receiver, the Court also states other controlling factors which are to be considered. Thus it states that "* * * the conditions that call it into action should be such as would, if persisted in, ordinarily be fatal to corporate life. * * * The court, before any appointment is made, will act with the utmost caution. Receivers will not be appointed unless the chancellor is convinced the right is free from doubt, * * * the loss irreparable, with no adequate legal remedy, and the relief sought is necessary." Page 117 of 294 Pa., page 577 of 143 A. * * * "As to the limitation on the exercise of the power in cases where there is any other adequate remedy, * * * the rule, while stated in general terms and never directly denied,

those found in the federal decisions cited below.

We start with the undisputed premise that the granting or refusal of the appointment of a receiver is, in the first instance, a matter of discretion for the lower court and that we are not to substitute our discretion for that of the trial judge.[5] Equally undisputed, however, is the limitation that discretion is governed by legal principles applicable to the situation and if we deem them to have been departed from, it is our duty to correct the error. Likewise, it has been judicially noted almost innumerable times that the appointment of a receiver is an extraordinary, a drastic and, in the words of the Pennsylvania Court,[6] an "heroic" remedy. It is not to be resorted to if milder measures will give the plaintiff, whether creditor or shareholder, adequate protection for his rights.[7]

The caution which should surround the appointment of a receiver is heightened when such appointment is sought peremptorily in a proceeding in which the opposition has neither notice nor opportunity to be heard. In the case of "actual emergency" it may be done. Tennessee Pub. Co. v. Carpenter, 6 Cir., 1938, 100 F.2d 728, 732. It is to be "exercised sparingly and with great caution, and only under extreme and exceptional circumstances." Central West Public Service Company v. Craig, 8 Cir., 1934, 70 F.2d 427, 429, 430. The courts speak of it as proper only in a case of "imperious necessity, when the right of the complainant, on the showing made by him, is undoubted, and when such relief and protection can be given in no other way." Cabaniss v. Reco Min. Co., 5 Cir., 1902, 116 F. 318, 324; Joseph Dry Goods Co. v. Hecht, 5 Cir., 1903, 120 F. 760; Mann v. Gaddie, 5 Cir., 1907, 158 F. 42. Similar language is found in Kolb Coal Co. v. Sauter, 7 Cir., 1924, 295 F. 690. Language to this general effect is found in the decisions of many courts, both state and federal.[8] The phraseology may vary, but the enunciation of the general point of view is clear

---

is often disregarded, and this tendency is growing in some jurisdictions: * * *." Page 119 of 294 Pa., page 578 of 143 A. Prior to this, the Court noted that the courts have been liberal in appointing receivers to protect the interests of minority shareholders and that although this is "desirable, * * * there is danger of going too far." Page 119 of 294 Pa., page 578 of 143 A.

While the Court did not discuss ex parte appointments of receivers, it seems unlikely that the Pennsylvania rule in this respect is any different from that prevailing in the overwhelming majority of jurisdictions. As evidence of this see Pennsylvania Rules of Equity Practice, Rule 41 ("Whenever the *exigency* of a case requires it, a *temporary* receiver may be appointed, without notice to the parties interested, * * *. The appointment shall continue until a hearing can be had, which shall be fixed at as early a date as possible, * * *." See f. n. 3, supra, as to the terms of the order in the case at bar.) and Hagerman v. Street Ry. Co., 1906, 10 Northam.Law Rep., Pa., 243 (requiring, for an ex parte appointment of a receiver, a showing of the "gravest emergency and of peril immediately threatening the security and safety of property * * *"). (Italics added.)

[5] Milwaukee & Minnesota R. Co. v. Soutter, 1864, 154 U.S. 540, 14 S.Ct. 1158, 17 L.Ed. 604; Fosdick v. Schall, 1878, 99 U.S. 235, 253, 25 L.Ed. 339;

Kingsport Press, Inc., v. Brief English Systems, Inc., 2 Cir., 1931, 54 F.2d 497, certiorari denied, Owen v. Kingsport Press, 1932, 286 U.S. 545, 52 S.Ct. 497, 76 L.Ed. 1282.

[6] McDougall v. Huntingdon & Broad Top R. & C. Co., supra, 294 Pa. at page 117, 143 A. at page 577.

[7] Collins v. Williamson, 6 Cir., 1915, 229 F. 59, 67; Smith v. Chase & Baker Piano Mfg. Co., D.C.E.D.Mich.1912, 197 F. 466, 472; Lowe v. Pioneer Threshing Co., C.C.D.Minn.1895, 70 F. 646; United Electric Securities Co. v. Louisiana Electric Light Co., C.C.E.D.La.1895, 68 F. 673.

[8] A. G. Col Co. v. Superior Court in and for Santa Clara County, 1925, 196 Cal. 604, 238 P. 926, 930; Simpson v. Adkins, 1941, 311 Ill.App. 543, 37 N.E. 2d 355, 358; Kent Avenue Grocery Co. v. George Hitz & Co., 1918, 187 Ind. 606, 120 N.E. 659, 660; State Founders, Inc., v. Oliver, 1933, 165 Md. 360, 169 A. 59, 67; State ex rel. Claude v. District Court for Fourth Judicial Dist., 1939, 204 Minn. 415, 283 N.W. 738, 740; State ex rel. Thornton-Thomas Mercantile Co. v. Second Judicial District Court of Silver Bow County, 1897, 20 Mont. 284, 50 P. 852, 854; State ex rel. Schoenfelder v. Owen, 1941, 347 Mo. 1131, 152 S.W.2d 60, 65; Gossett v. First-Trust Joint Stock Land Bank of Chicago, Tex.Civ. App.1940, 138 S.W.2d 904, 906.

As to Pennsylvania, see f. n. 4, supra.

enough. Our immediate question is whether that point of view which may accurately be described as a controlling principle of law was observed in the instant case.

The plaintiff is a minority shareholder of the Enterprise Wall Paper Mfg. Co. He complains of mismanagement of the corporation by one of the individual defendants in ways to be noted presently. He does not allege that because of this mismanagement or otherwise the corporation is insolvent or is in danger of becoming so. Indeed, by the report of accountants, subsequently brought into the record by stipulation between the parties, it appears that far from being in danger of insolvency, the principal corporate defendant is a successful business enterprise and in a very sound financial position. This is not alone a conclusive ground for negativing a receivership for a receiver may, in an appropriate case, be appointed for a solvent concern.[9] But certainly it is an item to be considered in determining the appropriateness of a receivership appointment. Major operations are seldom indicated for healthy patients.

The plaintiff in argument to this Court has summarized what he believes are the allegations in his complaint which entitle him to the relief granted. They are as follows:

1. Complete domination of the corporation by the defendant, Philip Isaacs, as a result of majority stock ownership and by the method in which he conducted its affairs. 2. The employment by the defendant, Philip Isaacs, of relatives at exorbitant salaries and the payment of salaries to other relatives who performed no services. 3. The use of fictitious expense accounts for non-existent employees in order that the defendants, Philip Isaacs and Julius Isaacs, might fraudulently appropriate the amount of such accounts. 4. The exploration of the New England field of business at the expense of the Enterprise Corporation for three years through the establishment there of a branch and, it having proved successful, the incorporation of a new company in which the individual defendants own practically all of the stock with the resultant profits to them and loss to the Enterprise Corporation. 5. The sale to certain corporations wholly owned by the individual defendants of merchandise at prices greatly reduced and below the normal market. 6. The unlawful diversion by the defendants, Philip Isaacs and Julius Isaacs, of money belonging to the Enterprise Corporation. 7. A loan by defendants, Philip Isaacs and Julius Isaacs, to the Enterprise Corporation of money which, in fact, belonged to the corporation by the representation that it was individual property and the repayment thereof by the Enterprise Corporation to the individual lenders. 8. The destruction of records and accounts by Philip Isaacs and Julius Isaacs with a fraudulent intent of hindering and defeating an accounting. 9. Allegations showing the necessity of an accounting.

Plaintiff contends that grounds 2, 4, 5 and 8 allege continuing acts by the defendants. We do not get this from the allegations found in the complaint. With regard to point 8, if the records are in fact destroyed they are gone and neither a receiver nor anyone else can get them back. The allegations of wrongful diversion of corporate funds are alleged to have occurred in 1936, 1937, and 1938. The date of the improper loan (point 7) is not specified. These allegations, while they state past misconduct, do not bring the case within the imperious necessity rule enunciated above.

We think that the plaintiff's complaint states a satisfactory reason why the action was brought in the name of an individual minority shareholder without an endeavor to get corporate action against individual defendants. We also think that it states facts which, if they are proved, call for an accounting. It also states facts which may call for ancillary protection by way of injunction, impounding of records or otherwise, if there appears danger that books or documents of the corporation are in danger of being mutilated or destroyed. Further protective measures may be availed of if the necessity arises. We do not find in the allegations, however, any such grounds of immediate emergency that call for the appointment of a receiver, characterized in the decisions as one of last resort,[10] to the exclusion of other remedies. There is nothing to make it appear that the business is not being competently run; attention has already been called to the fact that it appears to be in a

---

[9] Annotations: 1926, 43 A.L.R. 242; 1929, 61 A.L.R. 1212; 1934, 91 A.L.R. 665.

[10] A.L.R. annotations cited in the previous footnote.

sound and prosperous condition. There are charges which, if substantiated, indicate that minority shareholders have not been receiving their share of the benefits of the enterprise. And if this appears to be the case, they are, of course, entitled to court help to secure them. But the help required falls far short in our judgment of the drastic remedy of receivership, certainly at this stage of the litigation. We conclude, therefore, that the appointment of the receivers in this case was beyond the discretion to be exercised by the trial judge. The order is, therefore, reversed and the case remanded to the District Court with directions to vacate the order appointing the receivers, and to retain the case for further proceedings not inconsistent with this opinion.