**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2822
_____

KEYBANK NATIONAL ASSOCIATION; SANTANDER BANK, N.A.

1ST SOURCE BANK (Intervenor in D.C.)

v.

FLEETWAY LEASING COMPANY; FMC2, LLC; FMC3, LLC;
WILLIAM S. STAMPS; ERIC D. STAMPS; CAROLE STAMPS

SANTANDER BANK, N.A. (Intervenor in D.C.)


Santander Bank, N.A.,
                                Appellant


_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2-18-cv-00667)
District Judge:  Hon. Paul S. Diamond

Argued: April 2, 2019

Before:  CHAGARES, HARDIMAN, and SILER, JR.,* <u>Circuit</u> <u>Judges</u>

(Filed:  July 24, 2019)

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Court of
Appeals for the Sixth Circuit, sitting by designation.

Lawrence J. Gebhardt, Esq. **[ARGUED]**
Michael D. Nord, Esq.
Gebhardt & Smith
One South Street
Suite 2200
Baltimore, MD 21202

      Counsel for Appellant Santander Bank, N.A.

Matthew A. Hamermesh, Esq. **[ARGUED]**
William T. Hangley, Esq.
Robert A. Wiygul, Esq.
Hangley Aronchick Segal Pudlin & Schiller
One Logan Square
18th & Cherry Streets, 27th Floor
Philadelphia, PA 19103

      Counsel for Appellee William T. Hangley, Receiver Pendente Lite

_____

OPINION[+]
_____

CHAGARES, <u>Circuit</u> <u>Judge</u>.

This is an appeal of the District Court's order appointing a receiver. Santander Bank objects to the manner, fact, and scope of the appointment. Although we conclude that the way that the District Court decided to appoint a receiver satisfied due process, we cannot meaningfully review the appointment without more explanation why a receivership is needed. So we will vacate the District Court's order to take effect 90 days after issuance of this Court's mandate and remand to the District Court for further proceedings. On remand the District Court may issue a new receivership order, if it

---

[+] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

chooses.

I.

We write for the parties and so recount only the facts necessary to our decision. Fleetway's business was to buy and then lease cars, mostly to car-rental agencies. KeyBank and other creditors provided Fleetway loans, secured by the cars. In its verified complaint, KeyBank alleged that Fleetway breached its loan agreements and fraudulently induced KeyBank to make more loans. Keybank also requested that Fleetway be placed under a receivership during the litigation. Santander Bank and 1st Source Bank intervened soon after the action began. Like KeyBank, 1st Source Bank moved to appoint a receiver. Santander, however, was opposed to a receivership.

Two weeks after the case was filed, the District Court held a hearing on the motions to appoint a receiver. It denied those motions "without prejudice to future resubmission if changed circumstances warrant such appointment." Joint Appendix ("JA") 170. A few weeks later, the case was transferred to another District Court Judge, who scheduled a preliminary pretrial conference.

At the conference, the court told the parties that it had "gone through these papers with some interest," that it had "read carefully . . . the transcript of [the] February hearing," and that it was "giving extremely serious thought to . . . staying everything, appointing a receiver, and seeing whether sanity can be restored to this situation." JA 205–06. It explained that it planned to issue a proposed receivership order, "give everybody [time] to object," and "hear all objections." JA 214–15. Then it invited all parties to be heard on the issue and asked them, one by one, whether they wanted the

3

court to appoint a receiver. Santander "still oppose[d] the appointment of a receiver." JA 222. KeyBank had "no objection to the appointment of a receiver." JA 221. And 1st Source Bank's "answer [was] yes." JA 221.

Later that day, the District Court filed an order that "propose[d] staying this matter and appointing William Hangley . . . as receiver" and ordered that "the Parties shall file any substantive objections to the appointment of Mr. Hangley as outlined in this Order, no later than" four days later. JA 21, 32 (emphases omitted). Santander filed objections. Although the bank "[did] not object to the appointment of William Hangley as receiver if a receiver is to be appointed," Santander "[did] object to the appointment of a receiver generally and specifically under the terms" proposed. JA 242. Santander also commented that "[t]he Court's power to appoint a receiver, sua sponte and not upon the pending motion of a secured creditor, is an open issue." JA 250.

The District Court overruled these objections and entered an order appointing the Receiver. The court noted that "Santander argues that I may not appoint an equity receiver mea sponte," but concluded that this argument "ignores that KeyBank and FSB moved for a receiver in February, and renewed that request before me." JA 36.

Santander timely appealed.

II.

The District Court had jurisdiction under 28 U.S.C. § 1332. We have appellate

4

jurisdiction under 28 U.S.C. § 1292(a)(2).[1]  We review the decision to appoint a receiver for abuse of discretion.  Maxwell v. Enter. Wall Paper Mfg. Co., 131 F.2d 400, 403 (3d Cir. 1942).  "We review the District Court's application of law with regard to the equitable receivership de novo, and its decisions relating to procedures it will follow in connection with the receivership proceedings for abuse of discretion."  SEC v. Black, 163 F.3d 188, 195 (3d Cir. 1998).

### III.

Santander argues that (A) the manner of appointment violated due process, (B) the appointment was an abuse of discretion, and (C) the Receiver has unlawful authority.  To the limited extent that the due process claim was preserved, there was no violation.  But we conclude that the District Court gave insufficient reasons why it was appointing a receiver.  With that conclusion, we do not reach the challenge to the Receiver's authority.

### A.

Before the District Court, Santander never raised the procedural deficiencies on which it now mainly relies:  that it did not expect to address receivership at the pretrial conference, that the time to file objections was too short, and that it did not get to put on evidence showing a receiver was unnecessary.  Santander never asked the District Court to delay considering appointing a receiver, never asked for more time to object, and never asked for an evidentiary hearing.  The District Court had no notice that Santander

---

[1] The Receiver disputes whether we have appellate jurisdiction over Santander's challenge to particular powers of the Receiver.  Since we do not reach that challenge, we do not need to resolve that question.

5

harbored these concerns and, unsurprisingly, never addressed them. These arguments are forfeited. See, e.g., United States v. Joseph, 730 F.3d 336, 341 (3d Cir. 2013).

The only argument related to due process for which the District Court was even arguably "put on notice as to the substance of the issue" was Santander's complaint that the District Court appointed a receiver sua sponte. Nelson v. Adams USA, Inc., 529 U.S. 460, 469 (2000). But, as the District Court explained, it did not do so sua sponte. The court asked each party specifically whether it wanted a receiver, and, at a minimum, 1st Source Bank said yes. So the premise of Santander's argument is belied by the record. And, anyway, Santander cites no authority for the proposition that appointing a receiver sua sponte violates due process. The authority instead appears to be to the contrary. See, e.g., Elk Fork Oil & Gas Co. v. Foster, 99 F. 495, 497–99 (4th Cir. 1900) (affirming the appointment of a receiver sua sponte); see also 1 Ralph Ewing Clark, A Treatise on the Law and Practice of Receivers § 94 (3d ed. 1959) (hereinafter "Clark on Receivers") (noting that "a receiver may [be] and sometimes is appointed on the court's own motion or suo motu without application by either party"). We therefore reject Santander's due process argument.

B.

Santander next argues that appointing a receiver was an abuse of discretion.[2] The discretion to appoint a receiver "is governed by legal principles applicable to the situation and if we deem them to have been departed from, it is our duty to correct the error."

---

[2] The Receiver argues that Santander waived or forfeited this issue, too, but Santander did "object to the appointment of a receiver generally." JA 242.

6

Maxwell, 131 F.2d at 403. But here, the District Court insufficiently articulated the legal principles and factual bases that justified imposing a receivership. For example, the court did not consider whether "milder measures will give the plaintiff . . . adequate protection for his rights," id.; whether "legal remedies . . . appear to be inadequate"; whether there continued to be "fraud or imminent danger of the property being lost, injured, diminished in value, or squandered"; or whether there had been "a showing that the harm accruing to plaintiff by denial clearly overbalanced the harm to defendant upon granting the appointment," Mintzer v. Arthur L. Wright & Co., 263 F.2d 823, 825–26 (3d Cir. 1959).[3] We do not require rote review of these principles or preclude consideration of others. See, e.g., Can. Life Assurance Co. v. LaPeter, 563 F.3d 837, 845 (9th Cir. 2009). "Meaningful appellate review of the exercise of discretion," however, "requires consideration of the basis on which the trial court acted." Gurmankin v. Costanzo, 626 F.2d 1115, 1119 (3d Cir. 1980). Particularly since "the appointment of a receiver is an extraordinary, a drastic and . . . an 'heroic' remedy," Maxwell, 131 F.2d at 403, more explanation of the principles and proof motivating the court's exercise of discretion is required. See also, e.g., 1 Clark on Receivers § 58 (explaining why "[t]he appointment of a receiver is more drastic than the issuing of an injunction").

---

[3] The Receiver argues that Mintzer is "simply irrelevant" because it applied Pennsylvania law. Receiver Br. 31. "In this case, however, we do not think that there is any difference between the principles determining the appointment of receivers as enunciated by Pennsylvania courts and those found in the federal decisions . . . ." Maxwell, 131 F.2d at 402–03 (footnote omitted); see, e.g., Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc., 999 F.2d 314, 316–17 (8th Cir. 1993) (applying similar principles); Chase Manhattan Bank, N.A. v. Turabo Shopping Ctr., Inc., 683 F.2d 25, 26–27 (1st Cir. 1982) (same).

C.

With that conclusion, we do not reach Santander's objections to the Receiver's authority, except to observe that whether a receiver may charge expenses against collateral that he does not benefit, or sell collateral free of security interests without likely creating equity, are among the legal principles applicable to the situation that the District Court might consider and expound upon.  See, e.g., Monroe Cty. Bank v. Dreher, 88 F.2d 288, 288–89 (3d Cir. 1937); MacGregor v. Johnson-Cowdin-Emmerich, 31 F.2d 270, 272 (2d Cir. 1929); 2 Clark on Receivers §§ 500, 638–39; 4 Clark on Receivers § 976.

IV.

For these reasons, we will vacate the District Court's order appointing a receiver to take effect 90 days from the issuance of this Court's mandate and remand to the District Court for further proceedings.  On remand, the District Court may issue a new receivership order after whatever proceedings it deems appropriate (which Santander or others may then appeal); or it may not, and the receivership will end in accordance with the opinion of this Court; or it may take any other action that it deems appropriate.  This Court's mandate shall issue forthwith.