# COURT OF CHANCERY
## OF THE
## STATE OF DELAWARE

LORI. W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

April 28, 2026

Thomas P. Will, Esquire
Phillip Reytan, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, Delaware 19801

Thad J. Bracegirdle, Esquire
Justin C. Barrett, Esquire
Bayard, P.A.
600 North King Street, Suite 400
Wilmington, Delaware 19801

> RE: *Stephen Davis v. EpicentRx, Inc.*,
> C.A. No. 2024-0365-LM (LWW)

Dear Counsel,

This letter resolves defendant EpicentRx, Inc.'s exceptions to a Magistrate in Chancery's March 2, 2026 bench ruling on plaintiff Stephen Davis's motions for contempt and to appoint a receiver (the "Ruling").[1] In the Ruling, the Magistrate appointed a limited-purpose receiver over EpicentRx to enforce the payment of contempt sanctions and fees-on-fees arising from EpicentRx's repeated violations of a *Fitracks* advancement order.

The defendant takes exception to the Ruling, arguing that the appointment of a receiver was unwarranted. I agree. Because EpicentRx cured the underlying

---

[1] *See* Tr. of Rulings of the Ct. (Dkt. 92) ("Ruling").

advancement arrearage before the Ruling, the coercive purpose of a receivership had already been achieved. At that point, appointing a receiver was no longer necessary to coerce compliance with the advancement order but functioned as a disproportionate means to collect collateral penalties. The exceptions are therefore granted, and the appointment of the receiver is vacated.

## I.  BACKGROUND

Davis is a former corporate secretary of EpicentRx.[2] In April 2022, he was named as a defendant in a California action.[3] After EpicentRx refused to advance his legal fees, Davis filed this action. In September 2024, Chancellor McCormick granted summary judgment in Davis's favor on his entitlement to advancement.[4] A *Fitracks* order was entered in December 2024.[5] In April 2025, the case was reassigned to Magistrate Mitchell.[6]

EpicentRx failed to satisfy its obligations under the *Fitracks* order. It cycled through various excuses for its nonpayment, ranging from California wildfires to insurance coverage disputes. The Magistrate held EpicentRx in contempt in

---

[2] Verified Compl. for Advancement (Dkt. 1) ¶ 4.

[3] *Id.* ¶ 18; *see EpiRx, L.P. v. EpicentRx, Inc.*, 37-2022-00015228-CU-BT-CTL (Cal. Super. Apr. 25, 2022).

[4] *See* Dkts. 26-27.

[5] Dkt. 31.

[6] Dkt. 32.

September 2025 and assessed a $5,000 fine.[7]  When EpicentRx continued to withhold payment, the Magistrate issued a second contempt order in October 2025, imposing over $45,000 of retroactive fines and escalating daily fines of $2,500.[8]

In December 2025 and January 2026, Davis filed his third and fourth motions for contempt and requested the appointment of a receiver.[9]  On February 12, 2026—one day before the original hearing date on those motions—EpicentRx wired Davis nearly $270,000.[10]  This payment satisfied all undisputed fees and expenses incurred in the underlying California action through December 15, 2025, plus interest and fees-on-fees requested in Davis's first demand under the *Fitracks* order.[11]  The payment did not, however, cover approximately $425,000 in accrued daily fines, the initial $5,000 sanction, or fees-on-fees incurred by Davis in litigating the contempt motions.[12]

On March 2, 2026, the Magistrate issued the Ruling on Davis's third and fourth motions for contempt and to appoint a receiver, finding that EpicentRx

---

[7] Dkt. 41.

[8] Dkt. 48.

[9] Dkts. 60, 63.

[10] Dkts. 78-79.

[11] Dkt. 79 at 2.

[12] Dkt. 78 at 2.

remained in civil contempt.[13]  Noting the company's "serial noncompliance" and that monetary sanctions remained unpaid, the Magistrate appointed a limited-purpose receiver to satisfy the unpaid sums.[14]

EpicentRx timely filed exceptions to the Ruling pursuant to Court of Chancery Rule 144.[15]  On March 11, Chancellor McCormick reassigned this action to me for the limited purpose of resolving the exceptions.[16]  The exceptions were fully briefed as of April 2.[17]

## II.    ANALYSIS

Exceptions to a Magistrate's final report are reviewed de novo.[18]  I have reviewed the exceptions briefs, the Ruling, and other filings.  A further hearing is unnecessary; the dispute can be resolved on the papers.

Section 322 of the Delaware General Corporation Law authorizes the Court of Chancery to appoint a receiver whenever a corporation "shall refuse, fail or

---

[13] Ruling 43-44.

[14] *Id.* at 42, 44.

[15] Dkt. 82.

[16] Dkt. 88.

[17] *See* Def.'s Opening Br. in Supp. of Exceptions (Dkt. 93); Pl.'s Answering Br. in Opp'n to Def.'s Exceptions (Dkt. 96); Def.'s Reply Br. in Supp. of Exceptions (Dkt. 101).

[18] *See DiGiacobbe v. Sestak*, 743 A.2d 180, 184 (Del. 1999); *see also* Ct. Ch. R. 144(b)(2).

neglect to obey any order or decree of any court of this State . . . ."[19]  EpicentRx

violated the court's advancement and contempt orders.  The statutory authority to

appoint a receiver is thus established.

But statutory authority does not mandate equitable execution.  When crafting

a coercive sanction, this court is obligated to use the "least possible power adequate

to the end proposed."[20]  The appointment of a receiver for a solvent, operating

company is an "extraordinary" and "drastic" remedy.[21]  It is to be imposed with

"scrupulous care" and is "not to be resorted to if milder measures will give the

plaintiff . . . adequate protection for his rights."[22]

Here, the objective of the court's contempt orders—securing compliance with

the advancement obligation—was achieved.  EpicentRx belatedly advanced the

---

[19] 8 *Del. C.* § 322.

[20] *TR Invs., LLC v. Genger*, 2009 WL 4696062, at *18 n.74 (Del. Ch. Dec. 9, 2009) (citation omitted).

[21] *See Gandhi-Kapoor v. Hone Cap. LLC*, 305 A.3d 707, 722 (Del. Ch. 2023) ("Appointing a receiver for a solvent entity [] 'is an extraordinary, a drastic and . . . an "heroic" remedy . . . .'" (quoting *Maxwell v. Enter. Wall Paper Mfg. Co.*, 131 F.2d 400, 403 (3d Cir. 1942))).

[22] *Ross Hldg. & Mgmt. Co. v. Advance Realty Gp., LLC*, 2010 WL 3448227, at *6 (Del. Ch. Sept. 2, 2010) (first quoting *Salnita Corp. v. Walter Hldg. Corp.*, 168 A. 74, 76 (Del. Ch. 1933); and then quoting *Maxwell*, 131 F.2d at 403); *see also Jagodzinski v. Silicon Valley Innovation Co.*, 2012 WL 593613, at *2 (Del. Ch. Feb. 14, 2012) ("The appointment of a receiver . . . is an 'extraordinary remedy.'  Therefore, a court of equity will exercise the power to appoint a receiver cautiously and only as necessitated by the exigencies of the case before it." (quoting *Roth v. Laurus U.S. Fund, L.P.*, 2011 WL 808953, at *5 (Del. Ch. Feb. 25, 2011))).

principal amounts owed to Davis, bringing itself into compliance with the *Fitracks* order. What remains unpaid are sanctions and fees-on-fees resulting from the company's contempt, which are collateral to Davis's advancement right. Yet a receiver was appointed to "cause [EpicentRx] to satisfy all amounts due to [Davis]" and was granted "all powers generally available to a receiver," including "full authority and control over the property and assets of [EpicentRx]."[23]

Given EpicentRx's payment, the appointment of a receiver was no longer justified as a coercive remedy. Although fees-on-fees are a critical enforcement mechanism for advancement rights, imposing a receivership solely to satisfy a penalty transforms a coercive remedy into a punitive one. The disruption to the company's operations outweighs the immediate need to collect the remaining sanctions via a receiver.

EpicentRx's conduct in this litigation has been inexcusable. It forced Davis to litigate serial motions to vindicate rights the company conceded. The Magistrate reasonably sought to address a recalcitrant litigant's repeated violations of the court's orders. But imperfect compliance and delay, even when egregious, do not justify a receivership once the primary harm has been cured.

---

[23] Order Implementing Ruling and Appointing Receiver (Dkt. 86) ¶¶ 5-7.

Lesser coercive measures must be exhausted before a receiver takes control. Because the principal advancement has been paid, the urgent policy objectives of 8 *Del. C.* § 145 have been met. The parties will be given 30 days to confer in good faith to resolve the outstanding amounts.[24] If they cannot reach a resolution, they must submit a proposed schedule for the Magistrate to address the remaining sanctions and the appropriate enforcement mechanism.

## III. CONCLUSION

For the above reasons, EpicentRx's exceptions are granted. The appointment of the receiver is vacated. To the extent an order is necessary to implement this ruling, IT IS SO ORDERED.

Sincerely yours,

*/s/ Lori W. Will*

Lori W. Will
Vice Chancellor

---

[24] I note that the sanctions and fees-on-fees remaining are twice the advanceable funds. EpicentRx's exceptions, however, are limited to the appointment of the receiver; the quantum of the sanctions is not before me. EpicentRx represented to the Magistrate that it desires to resolve the remaining sanctions dispute. Because the coercive purpose of the initial sanctions was achieved, I encourage the parties to work cooperatively toward a sensible, commercial resolution over this 30-day period.